## MILLER v. WHITE et al.

No. 17842. Opinion Filed Feb. 7, 1928.

(Syllabus.)

1. Judgment—Proceeding to Vacate Judgment Procured by Fraud or for Unavoidable Casualty or Misfortune to Be Commenced in Two Years.

By the provisions of section 810, C. O. S. 1921, proceedings to vacate or modify a judgment for fraud practiced by the successful party in obtaining said judgment, or for unavoidable casualty or misfortune preventing the party from prosecuting or defending, must be commenced within two years after the judgment was rendered, unless the party entitled to commence such proceedings be an infant, or a person of unsound mind, and then such proceedings must be commenced within two years after the removal of such disability.

2. Same—Judgment Rendered on Perjury or Concealment of Facts—Showing of Diligence Necessary.

Before a court of equity will interfere with a judgment rendered on perjury and concealment of the facts from the court it must be made to appear that the injured party has used due diligence in presenting the matter to the court and that he is clearly entitled to the relief sought and that the question of perjury or concealment complained of could not have been litigated at the former trial, by use of due diligence.

3. Appeal and Error—Discretion of Lower Court—Dissolution of Temporary Injunction.

The dissolution of a temporary injunction is largely a matter of judicial discretion, to be determined by the facts of each particu-

lar case, and except in cases of palpable abuse of such discretion or a clear showing of error on the part of the trial court, the Supreme Court will not interfere with or in any manner control this discretion.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by May Wheeler Miller against G. H. White, assignee of the Gray Eagle Oil & Gas Company, a corporation, and A. N. Jones, Sheriff of Pawnee County, Okla. Judgment for defendants, and plaintiff appeals. Affirmed.

George W. Buckner, for plaintiff in error.

F. W. Herndon and George D. Wilson, for defendants in error.

PHELPS, J. As the parties hereto appear in the same relative position as they appeared in the trial court, they will be referred to as plaintiff and defendants.

It appears from the record that May Wheeler Miller, plaintiff, gave her promissory note in payment for stock in the Gray, Eagle Oil & Gas Company, one of the defendants; that the note was reduced to judgment, and that the judgment was assigned to G. H. White, another defendant. Execution was issued and placed in the hands of A. N. Jones, sheriff, whereupon plaintiff filed her separate action in the district court of Garfield county, alleging that the note was procured through fraud and that the judgment thereon was rendered by default on false and perjured testimony and concealment of the truth from the court, and praying that the judgment be declared void; that defendants be enjoined from selling her property under the execution and that said execution be recalled and quashed.

Upon the filing of her petition a "temporary injunction and restraining order" was issued, which, upon motion of defendants, was, after hearing, vacated and set aside, and from this order and judgment of the court so vacating and setting aside the "temporary injunction and restraining order," plaintiff prosecutes this appeal.

The judgment against plaintiff was rendered on December 26, 1919. The petition in the instant case was filed on August 20, 1926. In her petition plaintiff admits that she was duly served with summons, but alleges that she was preparing to leave for California, and that she lost the summons and made no defense to the action, and in her petition in the instant case she alleges nothing that could not have been pleaded as a defense in the original action.

Subdivisions 4 and 7 of section 810, C. O.

S. 1921, and section 812, C. O. S. 1921, provide an adequate remedy for plaintiff's condition, as shown by her pleadings, subject only to the limitations provided in section 817, C. O. S. 1921, providing that:

"Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions four, five and seven, of section 810, must be commenced within two years after the judgment was rendered. * * *"

This contention finds support in the opinions of this court in Maston v. Chandler Building & Loan Ass'n, 61 Okla. 230, 157 Pac. 366; Continental Gin Co. v. Arnold, 66 Okla. 132, 167 Pac. 613; and Board of Commissioners v. Barber, 83 Okla. 54, 200 Pac. 990.

We therefore conclude that, since plaintiff had an opportunity to present all the things of which she here complains to the court in the original trial, or upon a petition to vacate the judgment any time within two years after its rendition, and failed to avail herself of that remedy, she cannot be now heard to complain in a court of equity. El Reno Mutual Fire Insurance Co. v. Sutton, 41 Okla. 297, 137 Pac. 700.

We further conclude that the dissolution of the restraining order or temporary injunction was largely within the discretion of the trial court, and this court will not interfere with such discretion unless it appears that the trial court has been guilty of manifest abuse of such discretion. Cunningham v. Ponca City, 27 Okla. 858, 113 Pac. 919, and Yale Theatre v. City of Lawton, 35 Okla. 444, 130 Pac. 135.

Finding no errors in the judgment of the district court, said judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 34 C. J. p. 258, §487. (2) 34 C. J. p. 481, §752; 15 R. C. L. p. 694; 3 R. C. L. Supp. p. 468. (3) 4 C. J. p. 803, §2768; 14 R. C. L p. 464; 4 R. C. L. Supp. p. 904.