### KENDALL v. WATTS et al.

No. 17980. Opinion Filed Jan. 22, 1929.

Sigler & Jackson, for plaintiff in error.

Ahern & Fitzpatrick, for defendants in error.

REID, C. On the 4th day of January, 1926, plaintiff in error, John A. Kendall, filed his petition in the district court of Oklahoma county, against the defendants in error, Pearl Watts and William W. Watts, the substance of the allegations of plaintiff's petition being: That, on the 17th day of May, 1922, the plaintiff and the defendant Pearl Watts were husband and wife, and that the plaintiff, among other property, was then the owner of 120 acres of land in Carter county, Okla., and two lots in Oklahoma City, all of which were described; that, on said date, Pearl Watts filed in the district court of Carter county a suit against the plaintiff for divorce and alimony; that at the same time she filed a complaint against him for a peace bond, and a warrant was issued thereon, the plaintiff arrested, and placed in jail; that he obtained his release by bond, and was thereafter arrested and placed in jail and held therein during the time thereinafter mentioned; that after his arrest he was taken to the sheriff's office, and requested to sign certain deeds conveying said property to the defendant Pearl Watts, which he refused to do, and he was

thereupon returned to jail; that he was threatened with incarceration in the insane asylum of the state if he did not sign the deeds; and he further alleged that a short time before this, his son, had committed suicide, and that the plaintiff was arrested, charged with the killing, but was vindicated and released, and all these things caused plaintiff's mind to be weakened, and he was suffering from the grief and sorrow of the tragedy; and his then wife, now Pearl Watts, defendant herein, who had sued the plaintiff for divorce, agreed that, if he would deed her the property mentioned, she would return and live with him; and that the plaintiff, in his weakened condition, believed that if he failed to sign the deeds, he would be committed to the insane asylum, or held in jail, and, acting under such fear and duress, he signed the deeds conveying said property and delivered them to his then wife; that following the execution and delivery of the deeds, she returned with the plaintiff to their home and spent one night there, but next morning she returned to Ardmore, and filed a suit for divorce against plaintiff, and plaintiff was then informed that unless he signed a waiver and permitted the defendant to secure a divorce, he would be sent to the insane asylum, and in fear of this he signed a waiver, agreeing that the defendant might take a judgment for divorce, and that in said judgment the following matters are recited:

"It further appearing that the parties hereto have mutually settled their property rights, and that the plaintiff takes as her share of the property belonging to the plaintiff and defendant the following: (Here is described the two lots in Oklahoma City and the 120 acres in Carter county.)

"All of the property herein referred to is covered by deeds made by the defendant to the plaintiff, dated May 17, 1922.

"In addition to the foregoing, the plaintiff herein takes as her part of the property one Chalmers car and certain other personal effects not mentioned herein, which have been agreed upon and divided, the same being part of the household goods."

He alleged that said papers were signed, and the judgment was agreed to by him while acting under the fear and duress created in his mind by the foregoing threats: that said deeds were void and of no effect because they were obtained by fraud and duress, and that plaintiff is the owner and entitled to the possession of said property.

He alleged that said Pearl Kendall thereafter married one William W. Watts, and

without consideration attempted to convey to him the aforesaid property in fraud of plaintiff's rights. Plaintiff attached to his petition copies of the deeds referred to, and he here alleged that said duress continued up to September, 1924, and plaintiff prayed that he have judgment canceling the deeds and canceling said judgment, in so far as it related to the property, and for possession of the property.

The defendant answered, attacking the jurisdiction of the court to hear the cause, claiming that it was barred by the statute of limitations, and that said cause was res adjudicata. They denied the allegations of fraud and duress made by plaintiff, alleged that the deeds made by plaintiff to Pearl Watts were made in pursuance of a property settlement between them in a divorce action; that the divorce was granted upon her petition with waiver of summons by plaintiff, and that the property settlement made by the conveyance was approved by the court's decree in the divorce proceedings, and was in all things fair and equitable, agreed to and acquiesced in by plaintiff, and that he had thereafter in all things recognized the validity of said conveyance, and the binding effect of the decree, and had remarried. The defendant William W. Watts denied that the property situated in Oklahoma City now owned by him was obtained by collusion and fraud, but was conveyed to him in good faith and for a valuable consideration. They attached to the answer a complete copy of the divorce decree. The plaintiff filed a reply to defendants' answer by way of general denial.

On the trial of the cause, and before the introduction of any material testimony, the defendants objected to the introduction of testimony by plaintiff. The objection was sustained, and cause dismissed by the court, to all of which the plaintiff excepted, and from which ruling and judgment, plaintiff has appealed.

The action of the court in sustaining defendants' objection to the introduction of testimony was, as a matter of practice, equivalent to sustaining a demurrer to the petition of plaintiff. Shultz v. Jones, 3 Okla. 504, 41 Pac. 400; Wey v. City Bank of Hobart, 29 Okla. 313, 116 Pac. 943.

Section 810, C. O. S. 1921, and subdivision 4 thereof, are as follows:

"Sec. 810. **When District Court May Review Its Judgments.** The district court shall have power to vacate or modify its own judgments, or orders, at or after the term at

which such judgment or order was made. * * *

"Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order."

In the case of Neibuhr v. Gage, 99 Minn. 149, 108 N. W. 884, the Supreme Court of Minnesota said:

"But is a party who has been injured by duress entitled to the same remedies as one who has been injured by deception? We are unable to see why there should be any distinction made between these two classes of cases. Fraud is ordinarily accomplished by deceit, but it is also accomplished by many other practices. As commonly understood, fraud is a wrong accomplished by deception, but, as noted by Judge Cooley, duress is a species of fraud in which compulsion in some form takes the place of deception in accomplishing the injury. Cooley, Torts, p. 966. In City National Bank v. Kusworm, 91 Wis. 167, 64 N. W. 843, Chief Justice Cassady said: 'The only difference between fraud, undue influence, and duress is as to the method employed in overcoming the volition of the victim. In case of fraud, the volition is usually overcome by deceit, false representations, or false pretenses. In the case of undue influence, the volition of the victim is usually overcome by importunities, flatteries, insinuations, and artifice, and yet all the authorities class undue influence as a subtle species of fraud.'"

In the case of Pickler v. Wise, 152 Iowa, 644, 132 N. W. 815, the Supreme Court of Iowa said:

"An instruction in a will contest that the words 'fraud,' 'duress,' and 'undue influence,' as used in the instructions, were used synonymously, and generally mean the same thing, was not error."

In the case of Dardenne v. Daniels, 101 Okla. 201, 225 Pac. 152, this court said:

"Where the plaintiff brings an independent suit in equity to set aside a judgment on the ground that it was obtained by fraud practiced by the successful party, and it appears that the remedy provided by section 809, C. O. S. 1921, and the statutes in support thereof would afford the plaintiff full, speedy, complete and adequate relief, and there are no allegations in the petition showing that such remedy is then unavailable, the court rightfully sustained a demurrer to said petition based on the insufficiency of the petition."

And, in the case of Miller v. White, 129 Okla. 184, 265 Pac. 646, this court expressed the principle applicable to the case under consideration in the following language:

"Subdivisions 4 and 7 of section 810, C. O. S. 1921, and section 812, C. O. S. 1921, provide an adequate remedy for plaintiff's condition, as shown by her pleadings, subject only to the limitations provided in section 817, C. O. S. 1921, providing that:

"'Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions 4, 5, and 7, of section 810, must be commenced within two years after the judgment was rendered. * * *'

"This contention finds support in the opinions of this court in Maston v. Chandler Building & Loan Ass'n, 61 Okla. 230, 157 Pac. 366; Continental Gin Co. v. Arnold, 66 Okla. 132, 167 Pac. 613, L. R. A. 1918B, 511; and Board of Commissioners v. Barber, etc., Co., 83 Okla. 54, 200 Pac. 990.

"We, therefore, conclude that, since plaintiff had an opportunity to present all the things of which she here complains to the court in the original trial, or upon a petition to vacate the judgment any time within two years after its rendition, and failed to avail herself of that remedy, she cannot be now heard to complain in a court of equity. El Reno Mutual Fire Ins. Co. v. Sutton, 41 Okla. 297, 137 Pac. 700, 50 L. R. A. (N. S.) 1064."

The petition in this case, by proceeding in equity, seeks to vacate that part of the judgment of the district court of Carter county, in the divorce action, wherein the property rights of the parties were adjusted and adjudicated, and the property in controversy in this suit assigned and confirmed to Pearl Kendall, now Pearl Watts, and plaintiff rightfully conceived it necessary to do this before his title to the property and right of recovery thereof would be complete.

The plaintiff had two years from the 17th day of May, 1922, to present the matters complained of in his petition to the district court of Carter county, but, instead, he delayed for more than three and one-half years to bring this action in the court of Oklahoma county. And there is no sufficient reason stated in his petition why he did not proceed in the court where the judgment was obtained within the time given him by law, and therein his petition failed to state a cause of action in equity to be relieved from the effect of such judgment.

The statement in the petition that the duress continued until September, 1924, is simply a conclusion of the pleader, stating no facts, and might apply and suspend the statute of limitations as to an executory contract, but has no force by this bare statement to show that the plaintiff could not exercise his rights in the district court of

 

Carter county within the time provided by law to be relieved from the effects of a fixed judgment.

The rule here announced works with reason when it is remembered that it is the policy of the courts not to encourage the practice of one court entertaining an action to vacate the judgment of a court of another jurisdiction, but to encourage the party aggrieved to present his petition for relief in the forum where he claims his rights have been violated.

It therefore follows that the court did not err in sustaining the defendants' objection to the introduction of testimony by plaintiff, and dismissing the action, and that the judgment should be affirmed.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Judgments," 34 C. J. §682, p. 434, n. 20.