**AMOS v. JOHNSTON et al.**

No. 21197. Opinion Filed Feb. 21, 1933.

Solon W. Turk, M. S. Robertson, and Yerker E. Taylor, for plaintiff in error.

Blanton, Osborn & Curtis, Twyford & Smith, and G. Lee Bibbs, for defendants in error.

WELCH, J. The plaintiff, Albert Amos, commenced this action as cause No. 6776, in the district court of Garvin county, Okla., to cancel various deeds and recover certain lands in said county which he claimed to own as the heir of Jasper Amos, deceased, full-blood Mississippi Choctaw Indian, to whom the land was allotted, and plaintiff specifically alleged that a certain deed appearing of record, dated November 19, 1923, purporting to have been executed by plaintiff and conveying this land to the defendant E. Johnston, and purporting to have been approved by the judge of the county court of Garvin county, Okla., on February 22, 1924, is void; that if he signed said deed he did so in ignorance of its contents or legal effect, and without receiving any consideration therefor; that if said deed was in effect approved by the county judge, said approval was void because of lack of jurisdiction, and because plaintiff did not request such approval, and because such approval was procured by fraud perpetrated by the defendants upon the said county judge.

The defendants answered by general denial, admitting that the land was allotted to Jasper Amos, and that he had died in the year 1908 or 1909, as alleged by plaintiff, and further answering, alleged that one of the defendants, E. Johnston, purchased whatever interest the plaintiff owned in said land for $800, and relied upon the same deed specifically referred to in plaintiff's petition, which deed defendants allege was executed by the plaintiff for said consideration of $800. Defendants further allege that before filing this suit this plaintiff, Albert Amos, had theretofore instituted a former action as cause No. 6052 in the district court of Garvin county, Okla., against these same defendants and others, wherein he claimed to own the same land by virtue of the same inheritance, and sought to cancel various deeds and to recover this same land; that it was while said former action

was pending that this defendant, E. Johnston, purchased plaintiff's interest in said land; that said purchase was by way of compromise and settlement of said former action which was then pending, and that when the defendant E. Johnston paid the purchase price of $800, and the plaintiff, Albert Amos, executed the deed to the defendant E. Johnston, there was then executed by the attorneys for plaintiff, Albert Amos, in said former action a stipulation for the dismissal of said former action with prejudice; that upon said stipulation the said former action was dismissed with prejudice by order of the district court of Garvin county, Okla., and these defendants, in the case at bar, contend that the plaintiff, Albert Amos, was therefore barred from maintaining this action, and contend also that the deed of November 19, 1923, was in all things valid and conveyed plaintiff's interest in the land to the defendant E. Johnston.

The plaintiff filed no reply. The court overruled defendants' objection to introduction of evidence, and the cause proceeded to trial with testimony introduced upon the various issues of fact.

The verdict of the jury was a general verdict for the defendants, and the trial court rendered judgment for the defendants, from which judgment Albert Amos prosecutes this appeal, and asserts that the verdict of the jury is not sustained by the evidence and is contrary to the law and the evidence.

The defendants contend that the verdict is sustained by the evidence and that plaintiff's action is barred by the final determination of the former action by order of dismissal.

The record shows that plaintiff did commence the former action No. 6052, as defendants allege, and that said former action was dismissed upon stipulation, as defendants allege, and that no effort was ever made to reinstate that cause, or to have the order of dismissal set aside, and any reference to this former action seems to have been avoided by the plaintiff, Albert Amos, in his pleadings in the trial court in this action and in his brief in this court.

As to the issues raised relative to the deed from plaintiff to defendant E. Johnston, the evidence is in some conflict, but it clearly appears that the deed was signed by the plaintiff; that the defendant E. Johnston paid the consideration of $800 to or through the attorneys then representing Albert Amos. The defendants contend that payment was made to the entire satisfaction of Albert Amos, while he contended otherwise. It is clear that the deed was approved by the county judge, and the jury was entirely justified from all of the evidence in concluding that the plaintiff did sign the deed for a valuable consideration, and that the same was delivered to the defendants and properly approved by the county judge without fraud.

We conclude, therefore, from the entire record, that there is competent evidence reasonably tending to sustain the jury verdict for the defendants.

It is true there are discrepancies and there is conflict in the testimony of the witness, and it is also true that the $800 was paid by the defendant E. Johnston to or through attorneys representing the plaintiff, Albert Amos. The plaintiff claims he received none, or but very little of the consideration, but there is testimony to the contrary. If plaintiff's request to this court for reversal and retrial of the cause should be warranted, he could not prevail in this action for the reason that he commenced his former action to recover the same land, agreed that the same might be dismissed with prejudice, and the same was dismissed with prejudice by order of the court.

In Turner v. Fleming, 37 Okla. 75, 130 P. 551, this court held:

"A dismissal of a suit based upon an agreement between parties by which a settlement and adjustment of the subject-matter in dispute is made, is a dismissal on the merits, and is equivalent to a retraxit at common law, and as such is a bar to further litigation on the same subject-matter between the parties."

And while it is true that the law does not permit certain parties, by reason of minority or federal restrictions, to compromise or reach a settlement by agreement, as was shown in Tucker v. Leonard, 144 Okla. 264, 291 P. 124, we know of no reason why the parties to such a suit cannot agree to a settlement, nor why the court cannot dismiss such a cause with prejudice when this disability has been removed by and with the approval of the agency having jurisdiction so to do. The evidence in this case shows that the county judge of Garvin county, when said deed was presented to him for approval, was advised that same was given in pursuance of a settlement of the lawsuit; thereafter the district court entered its order in cause No. 6052 dismissing said cause with prejudice, basing such order upon the stipulation of dismissal taken at the same time and as a part of the same

transaction as the taking of the deed from plaintiff to the defendant E. Johnston.

We therefore hold that under the facts presented by the record in this case the district court of Garvin county, Okla., was authorized to dismiss said cause with prejudice, and that said order of dismissal is not void.

If it may be said that the case at bar is an independent suit in equity to set aside the judgment of dismissal on the ground that it was obtained by fraud practiced by the successful party, then it must be made to appear that the remedy against judgments provided by section 810, C. O. S. 1921, and the statutes in support thereof, would not afford plaintiff full, speedy, complete, and adequate relief, if he were entitled to relief against said judgment of dismissal, for it is said in Miller v. White, 129 Okla. 184, 265 P. 646,

"Subdivisions 4 and 7 of section 810, C. O. S. 1921, and section 812, C. O. S. 1921, provide an adequate remedy for plaintiff's condition, as shown by her pleadings, subject only to the limitations provided in section 817, C. O. S. 1921, providing that:

" 'Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions four, five and seven, of section 810, must be commenced within two years after the judgment was rendered. * * *' "

The statutory remedy during two years following the rendition of the judgment of dismissal is exclusive of relief in equity, unless there be specific reasons in the particular case why the statutory remedy is inadequate. This statement of the law we find supported by Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Frost v. Akin, 60 Okla. 174, 159 P. 752; Crist v. Cosby, 11 Okla. 635, 69 P. 885; State v. District Court, 38 Mont. 166, 99 P. 291; Harris v. Smiley, 36 Okla. 89, 128 P. 276; Gale Manufacturing Co. v. Sleeper (Kan.) 79 P. 648.

The evidence in the case at bar with reference to obtaining the stipulation of dismissal and the deed of November 19, 1923, is directed toward establishing the fact that the stipulation of dismissal, the obtaining of the deed, and the approval thereof by the county court were the result of fraud practiced by the defendant Johnston and the attorneys then representing the plaintiff. If this were true, the plaintiff might have had adequate relief upon a proper motion to vacate or set aside the order of the court dismissing the former cause with prejudice, but having failed to avail himself of the statutory remedy, he could not invoke the equitable jurisdiction of the court in the manner herein attempted.

Plaintiff in his brief confines himself wholly to the proposition that the verdict is not sustained by sufficient evidence, and is contrary to law. The jury returned a verdict finding generally in favor of the defendants.

We have carefully examined the entire record in this case, and while we find much conflicting evidence upon the questions of fact submitted to the jury, the same is sufficient to sustain, and does fairly sustain, the verdict, and we cannot say the verdict is not reasonably supported by the evidence.

"Where there is any competent evidence reasonably tending to sustain a verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, the Supreme Court will not review the evidence for the purpose of determining the weight thereof, and substitute this court's judgment for the judgment rendered on the verdict, and the verdict will not be disturbed on appeal." Swindler v. Selby, 130 Okla. 294, 267 P. 471.

The judgment is therefore affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, and BUSBY, JJ., concur. McNEILL, J., absent. OSBORN, J., disqualified.