### WARREN et al. v. DODRILL.

No. 23177. July 2, 1935.

Rehearing Denied Sept. 10, 1935.

Second Petition for Rehearing Denied Oct. 1, 1935.

G. E. Conway, H. O. Bland, and W. L. Johnson, for plaintiffs in error.

Cox & Cox, for defendant in error.

WELCH, J. This is an appeal from the district court of Lincoln county. Plaintiffs in error were defendants in the trial court, and the defendant in error was plaintiff below. The parties will be referred to as plaintiff and defendants, as they appeared in the trial court.

Plaintiff sought the cancellation of two deeds executed by her on January 13, 1923. and August 26, 1924, conveying to her five children, the defendants herein, 160 acres of land in Lincoln county, and to have her title to the land confirmed and quieted.

Essential facts are that in 1902 the plaintiff, a widow, acquired title to the land by patent from the United States. She and her five children lived upon it as the family home for many years. In 1912, plaintiff married one Jones. Serious domestic difficulties arose and became acute in 1922 or 1923, so that it was apparent a divorce suit would be probable, involving both the marriage and the property of plaintiff and her husband. It was the mutual and very earnest desire of plaintiff and her five children that Jones should not inherit or in any manner obtain any interest in this land, and upon suggestion of the children, plaintiff executed the first deed conveying this land to the five children, reserving to herself a life estate, with the understanding that when plaintiff's domestic difficulties should be disposed of, the land would be reconveyed to her by her children. About 19 months later, being dissatisfied with the form of the first deed, the second deed was executed; the desires and purposes and understanding of the mother and her children remaining exactly the same. Plaintiff continued to reside on the land and have complete control of it, and to pay the taxes and receive the rents and profits.

Prior to commencing this action in 1929, plaintiff called upon her children to reconvey the land to her, the domestic difficulties having terminated in an absolute divorce. Three of the children were ready to perform in compliance with the understanding relied upon, but two of them, Nellie A. Dodrill-Warren and Fannie M. Dodrill-Daly, relied on the form of the deeds as absolute conveyances and would not join in reconveying the land. This action followed.

The trial court found for the plaintiff, and rendered judgment accordingly, and the two last-named defendants appealed. These two were active and instrumental in procuring the deeds to be executed on the understanding and for the purposes above noted. There was no consideration paid for either of the deeds. There was some conflict in the testimony as to when or whether the land was to be reconveyed. however, the plaintiff's testimony was well corroborated by the three other children and the findings in favor of plaintiff are well sustained by the evidence.

One of the questions presented on appeal is alleged error of the trial court in overruling the defendants' demurrer to the petition. It appears that upon the trial the several petitions and the amendments were treated as a single petition. This is a case seeking equitable relief of the court. In Security National Bank v. Geck, 96 Okla.

89, 220 P. 373, this court uses the following language:

"In its legal significance, under our statutes, a cause of action is a wrong for which a remedy is prescribed by law or afforded in equity; the delict and the remedy are the primary elements—the essential elements. The wrong per se, if it be a wrong, for which a remedy is afforded constitutes the cause of action; it is the wrong and the right to redress which unite to constitute a cause of action."

An examination of the petition discloses the allegations with reference to the deed of August 26, 1924, that such deed was executed with collateral agreements and upon condition and consideration that the defendants would reconvey under certain circumstances. It is our opinion that such allegations are sufficient to state a cause of action seeking to declare a resulting trust under the law as stated in Bobier v. Horn, 95 Okla. 8, 222 P. 238. The petition contains allegations in considerable detail to the effect that the deed executed in 1923 was not delivered; that it was executed with the express understanding that it remain subject to her control during her lifetime, and would be placed in a bank in escrow subject to her demand. We have no doubt that such allegations were sufficient to state a cause of action, and therefore find no error in the action of the trial court in overruling the demurrer. Turben v. Douglass, 76 Okla. 78, 183 P. 881; Bishop, etc. Co. et al. v. Estes Drug Co., 63 Okla. 117, 163 P. 276.

The defendants urge error in overruling their demurrer to plaintiff's evidence, and that the judgment is not sustained by the evidence. In Harris v. International Land Company, 89 Okla. 163, 213 P. 845, we said:

"In a case of purely equitable cognizance it is the duty of this court to review the entire record, and if it appears that the judgment of the trial court is clearly against the weight of the evidence, reverse the cause and render * * * such judgment as should have been entered at the trial."

And in Watashe v. Tiger, 93 Okla 77, 211 P. 415:

"In a civil action, triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding; and where such finding is not clearly against the weight of the evidence, the judgment will be affirmed."

The evidence sufficiently shows the essential facts as above stated, and that plaintiff at all times claimed the land as her own; that she had no intention of delivering possession of the land to any one, and did not do so. The evidence supports the conclusion that the children sought no conveyance or interest in the property, except to procure the conveyances for the common purpose above mentioned. The defendants' testimony is in complete harmony with the most of the foregoing statements, with the principal exception that it sharply contradicts plaintiff's statement that the defendants agreed to reconvey. However, the plaintiff's version of the facts is supported in all respects by the testimony of the three children grantees in the deed who are not parties to this appeal.

In Bobier v. Horn, supra, this court held:

"A resulting trust arises where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case a trust is implied or results in favor of the grantor whom equity deems to be the real owner."

The application of that rule to the facts here shown directs us to the conclusion that such a trust arose here, and that the plaintiff was entitled to recover the judgment rendered by the trial court.

The defendants urge that the asserted agreement for reconveyance of the land is void as against public policy and cannot be enforced. It is defendants' theory that such agreement, if it existed as asserted by plaintiff, was in fact an agreement to procure or to induce the procurement of a divorce between plaintiff and her husband, and is therefore such an agreement as would be void as against public policy.

It is true that if the object of a contract is to divorce man and wife, the agreement is against public policy and void. The rule is so stated in 13 C. J., page 463, and is followed in many cases cited by defendants. However, we cannot agree that in this case there was any such object of the agreement to reconvey. For that matter, strictly speaking, this is not an action merely to enforce the agreement to reconvey. In this case the agreement to reconvey was to some extent incidental to the main transaction by which the children obtained and received and held title to plaintiff's land for the common purpose as heretofore detailed. The actual object or purpose of the transaction was not to promote or procure the divorcement of plaintiff and her husband, and for that reason this rule sought to be invoked by the defendants is not applicable.

The record indicates that the conveyance and agreement was not designed or intended to have any effect upon the plaintiff's marital status or domestic difficulties, and did not have any such effect, and did not in any manner promote or provoke the procuring of the divorce. The record shows that the conveyance was made for the common purpose above set out, and for no other purpose. We therefore conclude that the transaction created a resulting trust, and that the agreement to reconvey, on the facts and circumstances here shown to exist, was not void.

In Huber v. Culp, 46 Okla. 570, 149 P. 216, this court held:

"Power of the court to declare a contract void as being in contravention of public policy is a very delicate and undefined power, and should be exercised only in cases free from doubt."

The application of that rule would forbid the holding that the agreement here is void.

The defendants urge that some years after the execution of the deeds here involved the plaintiff completely ratified, adopted, and confirmed those deeds as conveying complete title. Defendants insist that the deeds then operated to vest perfect title, and that the plaintiff should be barred and estopped from asserting otherwise.

The facts upon which this contention is based are, in substance, as follows: Some three or four years after the execution of the deeds, and prior to the commencement of this action, all six of the parties, that is, plaintiff and five defendants, executed an agreement or division order with an oil producing company, wherein it was recited that the parties each owned an undivided one-sixth interest in the land, and wherein it was agreed that the oil company should pay each of the parties a one-sixth interest in certain oil proceeds derived from the land. Plaintiff's evidence indicates that such agreement was entered into over her protest, she then maintaining that she owned the land, of which she then and thereafter retained possession, but that she did sign the division order or agreement in view of the immediate necessities of the parties, and on account of some dissension that had arisen between plaintiff and one or two of the defendants. It was to the interest of all that the oil recovery be carried forward with dispatch, which could not be done until some agreement was reached between the defendants, who had the record title, and the plaintiff, who was in possession and claiming ownership. That agreement was doubtless sufficient to protect the oil company in disbursing the royalty proceeds, but the circumstances do not indicate that it should be taken as such ratification, or as creating the estoppel contended for by defendants. The agreement falls short of presenting the essential qualification of a complete ratification or of estoppel.

This agreement and contention was considered by the trial court with all other contentions of the defendants, and we cannot conclude that by this agreement the plaintiff waived any claim of ownership in the land, or was thereafter estopped to assert the true facts.

We conclude that the judgment of the trial court is sufficiently sustained by the evidence, and that no error is shown justifying reversal. The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and CORN and GIBSON, JJ., concur. BUSBY, J., dissents. RILEY, BAYLESS, and PHELPS, JJ., absent.