NORRIS v. NORRIS, Adm'r.

No. 31800. Oct. 9, 1945.

*162 P. 2d 521.*

Karl D. Cunningham, of Kingfisher, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

OSBORN, J. This action was brought by Ivan Norris, plaintiff, against Walter Norris, administrator of the estate of Emma J. Norris, deceased, to establish a rejected claim against the estate of Emma J. Norris, deceased, for services rendered by the plaintiff to her during her lifetime. The parties will be referred to as they appeared in the trial court. The trial court sustained defendant's demurrer to plaintiff's second amended petition, plaintiff refused to plead further, and the court thereupon dismissed the cause. Plaintiff appeals by transcript.

Defendant has filed a motion to dismiss the appeal for the reason that the clerk's certificate to the transcript is fatally defective. After said motion was filed plaintiff procured and has attached to the transcript a supplemental certificate which substantially complies with our statute. There is no contention that the transcript is incomplete. Defendant urges that the supplemental certificate should be disregarded for the reason that it was not supplied until after the time for appeal had expired. However, in Re Combs' Estate, 62 Okla. 33, 161 P. 801, we held that under the provisions of 12 O. S. 1941 § 959 an amended certificate could be supplied after the time for appeal had expired but prior to final decision. The motion to dismiss is overruled.

The second amended petition filed by plaintiff alleges, in substance, that William H. Norris and Emma J. Norris were husband and wife and were the parents of the plaintiff and the defendant and other children then surviving, and that they were the owners of 160 acres of land in Kingfisher county, Okla., which was their homestead; that on or about the ___ day of December, 1927, the children being all grown and having left home, the said William H. Norris and Emma J. Norris, being each of advanced age and physically frail, requested plaintiff to remove from a neighboring farm and live in their home and farm the land as tenant; that thereafter, while plaintiff and his family were living in the home, the said William H. Norris and Emma J. Norris jointly and severally agreed with the plaintiff that, in consideration for his past services and for like services to be thereafter rendered to them, and upon the death of the survivor, out of their estate plaintiff should be paid a reasonable compensation, which reasonable compensation plain-

tiff claims was the sum of $1 per day, each, from and after January 1, 1928, to the date of their deaths, respectively; that William H. Norris died on June 3, 1934, intestate, while plaintiff was fulfilling the terms of said agreement, and that plaintiff continued to fulfill the obligations imposed upon him by said contract to the date of the death of his mother, Emma J. Norris, on July 31, 1942, and that by reason of her death, plaintiff having fully complied with the terms of said agreement, became entitled to and claims there is now due and owing to him out of the assets of the estate of Emma J. Norris, deceased, the sum of $4,105.

Plaintiff further alleges that within due time he presented his verified claim to the defendant, which claim was by the defendant rejected, and prays judgment against the estate of Emma J. Norris in the sum of $4,105, with 6 per cent interest from February 8, 1943, the date of the rejection of said claim, and for such other and further relief as the nature of the action may require. Attached to said second amended petition as Exhibit "1" is a copy of the creditor's claim filed by plaintiff. The creditor's claim, omitting the verification and indorsement, is as follows:

"January 1st, 1928, to April 1st, 1939, for personal care and maintenance of Emma J. Norris, to mature due and payable out of her estate, following her death, at the rate of $1.00 per day, or $365.00 per year, for 11 years and 90 days:—$4,105.00, with interest thereon at 6% per annum from date of tender to Administrator, until paid."

Defendant demurred to the second amended petition on the grounds, first, that it failed to state facts sufficient to constitute a cause of action, and second, for the reason that the claim sued on was barred by the statute of limitation.

Plaintiff contends that the court erred in sustaining the demurrer for the reason that the second amended petition clearly states a cause of action upon an oral contract duly performed by plaintiff and for which, by its express terms, he was to be paid out of the assets of the estate of his last surviving parent. Defendant contends that the demurrer was properly sustained for the reason that in the original petition filed in the case plaintiff admitted, he asserts, that he abandoned the contract on or about April 1, 1939, and did not further perform it, and that therefore the claim is barred by the statute of limitation for the reason that it was not sued upon within three years from April 1, 1939. He further contends that the claim attached to the second amended petition shows on its face that the purported services were rendered only from January 1, 1928, to April 1, 1939, and that therefore the second amended petition shows on its face that the action is barred by the statute of limitation.

Defendant's assertion that the trial court, in passing upon defendant's demurrer to plaintiff's second amended petition, could consider the admissions made in plaintiff's original petition, is based upon the decision in Lane Implement Co. v. Lowder & Manning, 11 Okla. 61, 65 P. 926. The statement in that case was criticized in Lane v. Choctaw, O. & G. R. Co., 19 Okla. 324, 91 P. 883, the court stating that no authority was cited in support of the rule therein announced, and that the general rule was that an original pleading is superseded and its effect as a pleading destroyed by the filing of an amended pleading, which is complete in itself and does not adopt any of the former pleading by reference, but that such admissions so made in a pleading could be introduced in evidence. The rule announced in the latter case has been followed in Cushing Gasoline Co. v. Hutchins, 93 Okla. 13, 219 P. 408, Owens v. State, 133 Okla. 183, 271 P. 938, and Seekatz v. Brandenburg, 150 Okla. 53, 300 P. 678, the last two cases expressly holding that in passing upon a demurrer to an amended petition which did not adopt the original petition or any part thereof, the court could not consider the averments in the former pleading.

While the cases last above cited correctly state the law, we have examined the original petition and do not agree with the construction placed upon it by defendant. The original petition, after stating that William H. Norris died intestate on the 3rd day of June, 1934, contains the following statement:

" . . . and thereafter plaintiff continued to fulfill the duties imposed upon him under the terms and provisions of said parol contract for services by living in the home on said lands and rendering services to his mother, Emma J. Norris, up to on or about April 1st, 1939, at which time plaintiff was forced to abandon said contract and remove from said home and premises and substitute his sister, Mrs. _____, in the home to care for the said Emma J. Norris, due to physical complications suffered by her; and said sister continued in said position and capacity to the time of the death of said Emma J. Norris on or about the 31 day of July, 1942, assisted by plaintiff."

It is the settled law in this state that, in passing upon a demurrer to a petition, the petition will be liberally construed and all facts alleged, together with all the inferences that may be reasonably drawn therefrom, must be taken as admitted to be true for the purpose of the demurrer. Collar v. Mills, 190 Okla. 481, 125 P. 2d 197.

Although the original petition states that plaintiff was forced to "abandon" the contract, it could be explained by him on trial if the word was inartfully used. A reasonable construction of the entire petition is that he did not abandon the contract, but that because of changed conditions he was forced to procure the assistance of his sister, and to change the method of performance. There is nothing in the contract which would preclude him from so doing, when such change was necessary in order to enable him to fully perform his obligations thereunder. Under the contract, plaintiff was obligated to care for his mother and her property, and

there is nothing in his original petition from which it appears that plaintiff failed, neglected, or refused to perform this obligation. We therefore conclude that this contention of defendant is untenable.

Defendant next contends that while the second amended petition alleged that plaintiff performed the contract until the death of his mother, the creditor's claim attached thereto as an exhibit showed that the plaintiff rendered no service subsequent to April 1, 1939, and made no claim for compensation for any services subsequent to that date; that there is a variance between the allegations of the petition and the statement of the claim, and that the claim controls, citing Burke v. Unger, 88 Okla. 226, 212 P. 993, and other cases. He urges that therefore the second amended petition shows that the plaintiff's claim is barred by the three-year statute of limitation, and that the trial court did not err in sustaining the demurrer, citing Smith v. Long, 183 Okla. 441, 83 P. 2d 167, and Muir v. Shick, 188 Okla. 331, 108 P. 2d 544. In the cases cited by defendant the evidence clearly established the repudiation by the one sought to be charged of the respective contracts upon which the actions were brought. In the instant case defendant contends that the fact that plaintiff in his claim asked for payment for his services only from January 1, 1928, to April 1, 1939, and did not ask for any payment for the period between April 1, 1939, to July 1, 1942, the date of his mother's death, conclusively establishes that he did not perform his contract during that period. We do not think that the conclusion contended for by the defendant necessarily results from the failure of plaintiff to claim compensation. The fact that he did not claim compensation for that period would, of course, be a circumstance tending to show that he did not perform the contract subsequent to April 1, 1939. Nor is there any basis for the contention that the statute of limitations had run, since the payment for the services was not to be had until af-

50

ter the death of the survivor of his parents. His right to payment, absent a breach of the contract by his surviving mother, did not accrue until her death. The statute did not begin to run until that time.

We conclude that there is no fatal variance between the exhibit and the allegations of the second amended petition, and that the fact that plaintiff failed to claim any compensation for his services after April 1, 1939, is not. standing alone, sufficient to show his repudiation of the contract, and his nonperformance thereof after that date.

Defendant also contends that the demurrer was properly sustained because plaintiff's second amended petition did not state that the demand sued upon had been listed for assessment under the Intangible Tax Law and did not show the payment of an intangible tax thereon. But in Lumbermen's Supply Co. v. Neal, 189 Okla. 544, 119 P. 2d 1017, the court held that a cause of action for money due upon a contract, where both the existence and amount of the debt must be established, was not such an account as was required to be rendered for taxation under the Intangible Tax Law. We think this contention is without merit.

Defendant calls attention to the fact that the prayer of plaintiff's petition is for a judgment against the estate of Emma J. Norris, deceased, in a specific sum. Of course, in such action the plaintiff cannot recover such a judgment, but can only establish the claim in the same manner as if it had been allowed by the administrator and the judge of the county court so that the claim may be paid in due course of the administration of the estate. 58 O.S. 1941 § 345. Under the prayer of plaintiff's second amended petition the court could render such judgment.

Reversed, with directions to overrule the demurrer.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.