BURFORD et al. v. KEPHART et al.

No. 32412.    May 25, 1948.

*194 P. 2d 167.*

P. D. Erwin, of Chandler, for plaintiffs in error.

M. A. Cox, of Chandler, for defendants in error.

LUTTRELL, J. This suit in equity was filed on August 7, 1944, by the plaintiffs, J. A. Kephart and George L. Thompson, trustees of the First Congregational Church of Wellston, Oklahoma, against the defendants Luella E. Burford and Luella E. Burford, executrix of the will and estate of William R. Burford, deceased. Plaintiffs in the action sought to quiet title to certain real estate in Wellston, establish the ownership of plaintiffs thereto, enjoin defendants from asserting any right, title or interest therein, and to vacate a judgment rendered in the same court in favor of defendants on May 2, 1942, more than two years prior to the institution of this action, which judgment quieted the title of defendants to the property herein involved. The property involved was originally conveyed to the trustees of the First Congregational Church of Wellston and their successors in office. The judgment of defendants was taken in a quiet title action brought by them against the First Congregational Church of Wellston, a corporation, if legally existing, and if dissolved, the unknown successors, trustees and assigns of such church, and service was had upon the unknown trustees by publication. Plaintiffs brought this action claiming to be successor trustees of the First Congregational Church.

In their original petition plaintiffs sought to vacate the judgment in favor of defendants on the ground that such judgment was obtained by the practice of fraud on the plaintiffs and on the court, and it was alleged in the petition that such fraud was not discovered by the plaintiffs until about the 1st of June, 1944, which was some two and one-half months prior to the filing of the present action. After demurrer to the petition had been filed the plaintiffs filed an amended petition upon which the cause was tried. The amended petition likewise sought to vacate the judgment in favor of defendants, on the ground that said judgment was obtained by the practice of fraud by the successful party therein (the defendants herein) upon the plaintiffs and upon the court. The amended petition made no reference to the original petition, and contained no allegation as to date of discovery of the alleged fraud, and no allegation as to why plaintiffs did not apply to the court within the time fixed by section 1038, 12 O.S. 1941.

"Where an amended pleading is filed as a substitute for another pleading, or filed without expressly adopting the original pleading, the allegations of the prior pleading, except as repeated in the amended pleading, are wholly abandoned and no reference whatever can be made to the original pleading in determining whether or not a demurrer should be sustained to the pleading in its amended form." Norris v. Norris, Adm'r, 196 Okla. 46, 162 P. 2d 521.

To the amended petition defendants filed their demurrer upon the ground,

among others, that the amended petition did not state facts sufficient to constitute any cause of action against the defendants. This demurrer was overruled. When the cause came on for trial the defendants objected to the introduction of any evidence on behalf of plaintiffs for the reason that the petition failed to state facts sufficient to constitute a cause of action against the defendants, which objection was overruled.

As stated, the sole ground upon which vacation of the judgment was sought was fraud in its procurement. The amended petition does not purport to be brought under the provisions of the statute covering the vacation of judgments, 12 O.S. 1941 §1031 et seq. Neither is it an application to open up a default judgment, on service by publication, under the provisions of 12 O.S. 1941 §176. There is no statement in the amended petition or in the reply filed by plaintiffs, which was a general denial, excusing the failure of plaintiffs to bring a proceeding to vacate the judgment under our statutory provisions, 12 O.S. 1941 §1031 et seq., or tending to show that the statutory remedy was in any respect inadequate to afford relief to plaintiffs.

12 O.S. 1941 §1031 provides as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: . . .

"Fourth.

"For fraud, practiced by the successful party, in obtaining the judgment or order."

12 O.S. 1941 §1033 provides as follows:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

12 O.S. 1941 §1038 limits the time within which proceedings to vacate a judgment or order under the foregoing sections may be commenced. That section reads as follows:

"Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions four, five and seven, of Section 5267 (1031, O.S. 1941), must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or a person of unsound mind and then within two years after removal of such disability. Proceedings for the causes mentioned in subdivisions three and six of the same section, shall be within three years, and in subdivision nine, within one year after the defendant has notice of the judgment. A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

This court has many times held, and is now firmly committed to the rule, that the remedies provided by these statutes are exclusive of relief by an action in equity, unless it be shown that the statutory remedy is inadequate. Dardenne v. Daniels, 101 Okla. 201, 225 P. 152; Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Miller v. White, 129 Okla. 184, 265 P. 646; Kendall v. Watts, 135 Okla. 66, 273 P. 991; Flynn v. Vanderslice, 172 Okla. 320, 44 P. 2d 967; Amos v. Johnston, 162 Okla. 115, 19 P. 2d 344.

In Amos v. Johnston, supra, the action was brought by the plaintiff to cancel certain deeds and recover land to which he claimed title. The defendants answered setting up a prior judgment vesting them with title. The court said:

"The remedies provided by statute to vacate or modify a judgment or order of a district court of this state are exclusive of relief by a direct suit in

equity, unless there are reasons shown that the statutory law is inadequate."

In Kendall v. Watts, supra, plaintiff brought an independent suit in equity to set aside a divorce decree theretofore obtained by his wife, in so far as the property rights of the parties were concerned, on the ground of fraud and duress practiced by his wife. We there said:

"The petition in this case by proceeding in equity seeks to vacate that part of the judgment of the district court of Carter county, in the divorce action, wherein the property rights of the parties were adjusted and adjudicated and the property in controversy in this suit assigned and confirmed to Pearl Kendall, now Pearl Watts, and plaintiff rightfully conceived it necessary to do this before his title to the property and right. of recovery thereof would be complete.

"The plaintiff had two years from the 17th day of May, 1922, to present the matters complained of in his petition to the district court of Carter county, but instead he delayed for more than 3½ years to bring this action in the court of Oklahoma county. And there is no sufficient reason stated in his petition why he did not proceed in the court where the judgment was obtained within the time given him by law, and therein his petition failed to state a cause of action in equity to be relieved from the effect of such judgment."

To the same effect are the other cases cited above, and numerous other cases decided by this court.

Examination of the record discloses that no evidence was introduced which tended to prove that the statutory remedy for the vacation of judgments was unavailable to plaintiffs, or that for any reason it would not have been adequate to give them full relief, if the judgment of defendants was erroneous or improperly rendered. Defendants' demurrer to plaintiffs' evidence was, by the court, overruled, and a motion for judgment made by defendants at the close of all the evidence, for the reason that the evidence of plaintiffs was wholly insufficient to justify the court in rendering a judgment for plaintiffs, was likewise overruled. From what we have said above, it clearly appears that the trial court erred in overruling the motion of defendants for judgment.

In a case of equitable cognizance such as this, this court will reverse the judgment of the trial court if it appears that the same is against the clear weight of the evidence. McCubbins v. Simpson, 186 Okla. 417, 98 P. 2d 49. There being no evidence in the record which would sustain a judgment for plaintiffs in this equitable action, the judgment of the trial court must be reversed.

Reversed, with directions to render judgment for defendants.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, GIBSON, and ARNOLD, JJ., concur. RILEY, J., dissents.

———

RILEY, J. (dissenting). I cannot agree that the rule of law stated in the syllabus of majority opinion is correct.

The action below was one to vacate a decree and quiet title to church property located in Wellston, Oklahoma.

A decree quieting title to the property in Luella E. Burford et al. had been entered by the same nisi prius court on May 2, 1942, more than two years prior to commencement of the last proceedings, and as found by the trial court as a part of its last decree, the prior decree was based on fraud of the successful parties, to wit, Luella E. Burford and Luella E. Burford, executrix of Wm. R. Burford, deceased.

The fraud, as found, consisted of this, viz., Mrs. Burford well knew, at the time the original action to quiet title in her was commenced, that the First Congregational Church in Wellston was an existing and legally constituted church organization; that the organiza-

tion was not disbanded or dissolved; that the membership of the church lived in Wellston, where plaintiff lived, and that the trustees of the church property were living and acting as such, and while their addresses could have been ascertained by plaintiff and they could have been served with summons or notified by plaintiff, they were neither summoned nor notified of plaintiff's action, nor did they know about plaintiff's action to divest them of their property or their trust. They had no opportunity to defend against plaintiff's action.

Wm. R. Burford was plaintiff's deceased husband. Plaintiff knew her deceased husband, prior to his death, was a member and trustee of the church property. Plaintiff knew her allegations contained in her petition in cause No. 12946, that Wm. R. Burford, her deceased husband, had obtained a deed from the trustees to the church property in the year 1920 were false and untrue, and, of consequence, plaintiff's allegations that said deed had been lost or destroyed were false. To the contrary, the legal title, as shown by public records prior to the decree in cause No. 12946, to the church property, had been in the name of the said trustees and their successors.

In fact, in cause 12946, plaintiff's petition failed to state a cause of action in that it failed to allege a grant of the church property by the trustees or their successors to any body (person, firm or corporation).

It is absurd to say a cause of action as sought by Luella E. Burford to be pleaded was in fact or fiction pleaded, for the simple reason that nowhere in plaintiff's (Luella E. Burford's) petition did she plead a chain of title by which she could, if proof were made, be held to be owner of the church property, or recover legal title or equitable estate as against the true owner of the church property.

The consequence is that if no action by plaintiff Burford were pleaded, the decree quieting title in her is void on the face of the record and the prior decree ought to be cut off as a dead limb upon the judicial tree and by motion or otherwise at a time unlimited and unlimitable.

But this record does not stop there. To vacate the prior decree by petition and summons, it is averred and proved that Luella E. Burford avoided serving proper parties defendant by a false affidavit dated February 20, 1942, in which Luella E. Burford falsely stated, under oath, that with due diligence she could not find or ascertain the last known addresses of defendants, the trustees, or their successors.

Peculiarly, they eventually appeared to sue at law and in equity. They averred, under oath, that had they been summoned or had they been notified, or had they known of the commencement or pendency of plaintiff's action, they would have defended, but that they were not, by plaintiff or the court, afforded an opportunity to defend and they did not know about the case or the decree in time to be afforded due process of law.

These trustees of the church property further pleaded and proved to the satisfaction of the trial court that no deed was ever by trustees executed or delivered to Wm. R. Burford, deceased, in whose estate, by the prior decree, title was quieted, and from whom, as an heir, plaintiff derived title in her individual right.

Burford never held the property adversely. He had no prescriptive right or contractual right; he did not have title by deed or an equitable interest in the church property.

The statute of limitations has no application, as indeed the majority opinion is not based upon any statute of limitations, but upon an estoppel based upon an inference which is held to impart such absolute and incontrovertible verity that no person against whom it

is produced is permitted to deny it. It is the court record in the case at bar.

The trustees, as plaintiffs in the case at bar, utterly failed to refer to the original petition wherein a time of discovery of the original decree quieting title to this church property was alleged, and the majority says plaintiff's present amended petition does not aver why they, as trustees, did not apply to the court within two years or the time fixed by section 1038, 12 O.S. 1941, to vacate the decree for irregularities in obtaining it.

The majority decree an abandonment of plaintiff's allegations of irregularities by which Luella E. Burford obtained the prior decree quieting title to the church property in her name, and the majority are oblivious- to her fraud. Reliance is had upon Norris v. Norris, 196 Okla. 46, 162 P. 2d 521. So justice is smothered in her own robes.

The amended petition, said by the majority not to be brought under provisions of 12 O.S. 1941 §1031, etc., is nevertheless an instrument reeking with allegations of fraud. The fraud of Luella E. Burford was proved. In Warren v. Dodrill, 173 Okla. 634, 49 P. 2d 137, cited with approval in Paine v. City of Guymon, 199 Okla. 336, 185 P. 2d 941, this court held:

"Under our statutes, a cause of action is a wrong for which a remedy is prescribed by law **or** afforded in equity."

Hence it is not necessary that an action be brought under any particular statute. The petition is sufficient, always, if it alleges facts constituting a wrong for which remedy is afforded. It matters not whether the action be one at law or in equity.

The majority recite:

"The amended petition does not purport to be brought under the provisions of the statute covering the vacation of judgments, 12 O.S. 1941 §1031 et seq."

But Luella E. Burford does not, by her allegations, dispute specifically the trustees' allegations of fraud contained in her affidavit for substituted notice in lieu of summons, and as a part of Luella E. Burford's original action, she says she used due diligence, a glittering generality, and seeks to recriminate J. A. Kephart, trustee, in the performance of his duties as trustee. But of these allegations, the trustees filed a reply and an amendment to it controverting and joining issue in the controversy.

The trial court found all necessary and proper allegations contained in the trustees' pleadings to be true. The evidence of record supports the findings of the trial court. The trustees, according to the evidence of record, were, since 1900, in actual and legal possession of the church property. Title to the property was, by the last decree rendered, quieted in the trustees.

The gist of the trustees' pleadings established without doubt that they seek, by amended petition, a vacation of the original decree; likewise, that they seek to open up Luella E. Burford's defunct judgment and decree which is admitted and pleaded by the parties to have been obtained by default and upon publication notice only.

And while sections of the statute, supra, are not pleaded in trustees' petition, nor in their amended petition, nevertheless it might have been presumed that the trial court and this court knew the law, and were disposed to apply it.

The trustees' failure to aver the inadequacy of statutory remedies specified in 12 O.S. 1941 §1031 et seq., is relied upon by the majority opinion. But a casual observance of trustees' pleading reveals repeated recital of the cardinal sin: "Fraud", which is a statutory ground (subd. 4) for the vacation of judgments or orders at or after "term time", limited "For fraud, practiced by the successful party, in **obtaining** the judgment or order".

While it is true a vacation of such a judgment or order, in the manner

and by the mode specified in the statute, is limited by 12 O.S. 1941 §1038 to two years, there is a proviso to the limitation by which the limitation is not limited to two years where the party entitled suffers under specified disabilities, in which event the period of time continues until two years after removal of the disability.

Where it appears that the statutory remedy is inadequate, resort may be had to equity. Herein, the prior decree is void on the face of the record, so it may be vacated in time unlimited and unlimitable. Pettis v. Johnston, 78 Okla. 277, 190 P. 681.

It is a specious rule that requires a litigant to state particular authority of statute for the commencement or maintenance of an action to vacate a judgment or decree.

Error of the rule is apparent when it is observed that trustees do not aver this to be either an action at law under the statute or a suit in equity. The court, on appeal, nevertheless makes the determination of the character of the suit.

Under liberality of Code pleading, as contemplated by Mr. Justice Fields, who long ago originated the idea, it was believed a citizen had right to be his own lawyer if need be, and that a simplification of pleadings was necessary as an attribute of justice.

It was believed a simple statement, made to a court of justice, indicating a wrong, was sufficient. For the presumption existed that judges were versed in law, a tool of the trade by which the right would be safeguarded and wrongs righted.

But, alas, now Christian people and suffering humanity must speak the words of some mystic formulae, or indicate the number and page of a statute, and point it out to the court before entrance may be made into a court of justice.

A fraud necessarily includes an irregularity. So a petition alleging facts constituting a fraud may be sustained as one relying upon irregularities. An irregularity as a ground for vacation of a judgment or decree may be brought within three years under remedy provided by statute.

Consequently, though the prior decree be considered not void upon the face of the record and subject to being cut off at any time, and though it be necessary to plead a right to have the decree vacated under a particular statute, or come within the terms of the statutory remedy, herein the right is established under the statute and the time element is governed by statute, 12 O.S. 1941 §1038. It is three years, as provided by the statute, "for irregularity in obtaining the judgment". The present action was commenced well within that time.

The present action is a direct attack upon the former judgment and decree.

While the action is filed under a different style and number, yet it was filed in the same court. The petition has attached to it the former decree sought to be vacated and designated as cause No. 12946.

Things that are equal to the same things are equal to each other. "A tree", according to Senator Gore, "should be judged by the fruit it bears, rather than its location".

Therefore, the present action is not, and never was, as the majority think, an independent action in equity.

Substance is the material thing in a court of justice.

The distinction of forms of actions or remedies, whether they be in fact law or equity, by force of statute are abolished. 12 O.S. 1941 §10.

The "delict and the remedy are the primary elements" in an action. Warren v. Dodrill, supra. It is the wrong and the right to be redressed which unite to constitute the cause of action.

It is the general policy of the law to favor a hearing on the merits. Griffin v. Jones, 45 Okla. 305, 147 P. 1024; Hewins v. Walbeck (Cal. App.) 141 P. 2d 241; hence, the statutory remedy, supra, for vacating a judgment or decree rendered on default.

In Kendall v. Watts, relied on by the majority opinion, an effort to vacate a divorce decree was involved—the action to vacate was too long delayed. That case could not be similar to the case at bar. The parties there lived separate and apart, and knew it. There was no concealment of property or false allegations as to grants nonexistent, nor fraudulent or irregular statements, verified by affidavit, of the movant for substituted process of the court. Indeed, the case at bar approaches a fraud upon the court resulting in the original decree as against which, in an action to vacate, under our decisions, time does not run.

In Cage v. Cansler, 119 Okla. 36, 248 P. 612, as in the case at bar, the church was incorporated, this court held the parties in whom legal title was vested, as well as the society or corporation possessed of an equitable interest in the property (**res** of the trust) were necessary parties to the exercise of power and authority in courts to order disposition of property constituting the **res** of the trust.

In the case at bar, Luella E. Burford, as an aggressor seeking title to the church property, did not bring in by summons or substituted service both parties. To the contrary, she sued in the alternative, the church as a corporation, if legally existing, and if not, its unknown successors, trustees and assigns. Since she sued in the disjunctive, certainly she brought no action as against all necessary parties and for an additional reason, the decree she obtained was void.

Three things are required for the exercise of authority and power by courts. They are: (1) Jurisdiction of the subject matter; (2) jurisdiction of the parties; and (3) right and power (evidentiary facts established) to render a particular judgment or decree.

Herein the second requisite is wholly lacking. The third, in view of the default, may only be presumed on condition of the validity of the judgment or decree. This is fatal to the decree's validity.

Anglo-Saxon civilization is builded on rights in property. Vested rights are not lightly to be disturbed. The trial court's judgment vacating the prior decree is easily sustainable.

In such cases, "the trustee is regarded as the real owner and his name must be used in any action or proceeding affecting title to such property." 65 C. J. 315 §266; 65 C.J. 805; Perry on Trusts and Trustees, vol. 2, p. 1489, §873; 54 Am. Jur. §586. When a trustee is made a party, he must be made unequivocally a party and not conditionally.

It is a glaring fraud upon courts and parties in interest to conditionally make trustees of a corporation a party, otherwise unknown successors or assigns, and then to mail publication notice as a substitute for process to a church building known, or as must have been known to all intelligent residents and lawyers of the small town, to have been rented from month to month to another church denomination.

The fact, generally known, was that the Congregational Church owned the building and the Christian Church society rented it. But, by legal title, the real property was vested in the trustees of the Congregational Church and their successors.

The evidence abounds in this record that, as a matter of law, the power of disposition and alienation inheres in every such grant and to deprive such trustees of such power, in the absence of a grant as found from evidence by the trial court and as admitted by Mrs. Burford's testimony, the trustees must

unequivocally be made parties to a suit having for its purpose the quieting of title in another or others.

Mr. Burford, deceased, who **acted** as trustee until shortly before his death, and who was a trustee until his death, never repudiated his trust. To do so, proof must establish his adverse action by evidence clear, cogent, and convincing—there is none. Yet it is through Burford, deceased, that Mrs. Burford claims title to the property.

In Caulk v. Lowe, 74 Okla. 191, 178 P. 101, the action was filed three and a half years after a fraud upon the court, resulting in a final decree. But because of the fraud, finality was withdrawn by the court's judgment, from the decree. The fraud consisted in failure to make an heir a party by proving exclusively other heirs. Therein the limitations and selection of remedies were unavailing. The fraudulent decree was vacated. We held:

". . . A judgment rendered without notice to a party at interest is, as against such party, a void judgment, . . . a canon of law so well established as not to need authorities in support thereof."

" 'A void judgment may be vacated at any time **on motion** of a party or any person affected thereby.'

"The trial court did not err in finding [plaintiffs' action] not barred by . . . limitation. . . . ."

18 O.S. Supp. 1945 §564.1, subsequently enacted makes provision for preservation of property dedicated to the religious purpose. If abandoned, such property goes to a superior body or society of like denomination, faith or creed. Such property is not taxable, and in no event, save for a grant, may the property be rightfully seized or possessed by the state, nor a pagan person full of greed and activated by fraudulent motives.

The Master drove the money changers from the Temple. The least that a court of justice should do in this case, by an affirmance of the judgment, is to preserve the edifice.

For these reasons, I dissent.