EDISON ELECTRIC LIGHT CO. et al. v. EQUITABLE LIFE ASSUR.
SOC. OF UNITED STATES.

(Circuit Court, S. D. New York. May 8, 1893.)

1. PATENTS—ACTION FOR INFRINGEMENT—PLEADING.
    In a suit in equity for infringement of a patent the defense of laches may be presented by a plea.

2. SAME—LACHES.
    A patentee cannot maintain an action for infringement against a mere user who, in common with the public generally, has used the patented device openly for a period of 11 years, with the full knowledge of the patentee, and without objection by him.

In Equity. Bill by the Edison Electric Light Company and others against the Equitable Life Assurance Society of the United States. Defendant filed a plea alleging laches and acquiescence in defendant's alleged infringement for 11 years. Plea sustained.

Eugene H. Lewis, for complainants.
Leonard E. Curtis, for defendant.

COXE, District Judge. The defendant asks by the plea to have the bill dismissed on the ground of laches. No authority for this practice in an infringement suit is cited by counsel. There is no doubt, however, that the defense of the statute of limitations may be presented by plea. 2 Daniell, Ch. Pl. & Pr. 728; Story, Eq. Pl. § 757. It has also been held that a party, who for 40 years had been in peaceable possession of premises sought to be recovered, could present the question of laches by a plea. Blewitt v. Thomas, 2 Ves. Jr. 669. So in an action for rent, the defense of 26 years' undisturbed possession was interposed by plea and sustained. Baldwin v. Peach, 1 Younge & C. 453; Story, Eq. Pl. § 814; Coop. Eq. Pl. 288. In Lansdale v. Smith, 106 U. S. 391, 1 Sup. Ct. Rep. 350, it was held that the defense of laches might be asserted by a demurrer although it could also be presented by plea or answer. On the other hand, the trend of modern decisions is against trying causes piecemeal and in favor of relegating defenses which go to the merits to the domain of the answer. Rhode Island v. Massachusetts, 14 Pet. 210, 257; Sharp v. Reissner, 9 Fed. Rep. 445; Korn v. Wiebusch, 33 Fed. Rep. 50; Bailey v. Le Roy, 2 Edw. Ch. 514. In Walker on Patents the author, at section 597, says:

"A plea is not appropriate for such a defense, [laches,] because, if the bill shows delay and is silent about excuses therefor, the method of a plea would be to state that there is no such excuse, and because, by taking issue on such plea, and proving an excuse, the complainant could cut off all other defenses, and win the cause."

It will be observed that the learned author does not pronounce the plea an improper pleading, but only inappropriate and unwise. Although no exact precedent has been found the court is entirely clear, after an extended examination of analogous cases, that this plea was properly filed.

By setting it down for argument the complainants have admitted the facts therein alleged to be true. Briefly stated these facts are that third parties have openly infringed the patents for 11 years with the knowledge of the complainants and their predecessors; that the defendant is not a maker and seller, but only a user of the alleged infringing articles, and has, as the complainants well knew, been using such articles openly and notoriously for the last 11 years as a part of the apparatus for lighting its building in New York city; that although continuously within the jurisdiction of this court and abundantly able to respond in damages the complainants have never given any notice to the defendant or asserted any claim under either of the letters patent mentioned in the bill. The question, then, is this: Can a patentee maintain an equity action of in-

fringement against a mere user who has used the patented structure openly for a period of 11 years with the full knowledge of the patentee and without objection from him? It is thought that this question must be answered in the negative. Hammond v. Hopkins, 143 U. S. 224, 12 Sup. Ct. Rep. 418; Galliher v. Cadwell, 145 U. S. 368, 12 Sup. Ct. Rep. 873; Foster v. Railroad Co., 146 U. S. 88, 13 Sup. Ct. Rep. 28; Lansdale v. Smith, 106 U. S. 391, 1 Sup. Ct. Rep. 350; 3 Rob. Pat. § 1194; Coats v. Merrick Thread Co., 13 Sup. Ct. Rep. 966; and cases cited in Kittle v. Hall, 29 Fed. Rep. 508. The bill alleges that the defendant has been infringing "ever since the 27th day of December, A. D. 1881." In Brush Electric Co. v. Ball Electric Light Co., 43 Fed. Rep. 899, this court had a similar allegation under consideration, and, by implication, decided that a bill which alleged a continuous infringement for 10 years without excuse, was bad on demurrer. The bill in that case was saved, however, because the word "since" was construed to mean not "ever since," but "subsequently to" the date of the patent.

The case at bar differs in many respects from the cases cited in support of the bill chiefly because it is affirmatively established by the allegations of the plea that the patents were plundered openly and continuously by the public without complaint by the owners of the patent, and that the defendant's alleged infringement was well known to them during 11 years and was acquiesced in without even a notice to desist. The fact, too, that the defendant is only a user would seem to dispose of the doctrine applicable to a multiplicity of suits as well as other grounds of equitable cognizance. It must be conceded within all the authorities that, upon the admitted facts here, an accounting and a preliminary injunction are out of the question, and it is difficult to imagine upon what theory a permanent injunction can issue. The theory of the rule is that as the defendant has used these fixtures for 11 years with the permission of the complainants they cannot now complain of their use. If the defendant were making and selling new fixtures and thus interfering with the complainants' business the rule might be different, but it would seem that the rights of the parties are fixed and determined as to the structures which the defendant has used so long with the complainants' implied consent. In other words, the complainants can only be injured to the extent of their license fee, and the right to recover this has been lost by their own negligence. The doctrine of McLean v. Fleming, 96 U. S. 245, and Menendez v. Holt, 128 U. S. 514, 523, 9 Sup. Ct. Rep. 143, is invoked by the complainants. Although both these cases relate to trade-marks no reason is perceived why the principle there enunciated should not be applicable to patent causes, but it is thought that it is not applicable to the facts in hand for reasons already given.

It was stated at the argument that there was ample excuse for the delay in bringing the action, and that one object in setting the plea down for argument was to have a precedent established by a determination of the question whether a complainant should be required to allege his excuses for delay in the bill or reply to the allegations of the answer setting up the defense of laches. The court

is of the opinion that, even if the complainants are right upon the proposition that the bill in its present form can be sustained for a portion of the relief prayed for, it is much wiser and safer to amend the bill by setting up all the facts upon which they rely. Where the delay appears upon the face of the bill the excuse should appear also. In Badger v. Badger, 2 Wall. 87, the court says that the complainant in a suit in equity "should set forth in his bill specifically what were the impediments to an earlier prosecution of his claim; how he came to be so long ignorant of his rights, and the means used by the respondent fraudulently to keep him in ignorance; and how and when he first came to a knowledge of the matters alleged in his bill; otherwise the chancellor may justly refuse to consider his case, on his own showing, without inquiry whether there is a demurrer or formal plea of the statute of limitations contained in the answer."

It is thought, therefore, that the plea must be allowed, but with leave to the complainants to amend their bill within 20 days.