### WILCOX & WHITE CO. v. FARRAND ORGAN CO.

(Circuit Court, E. D. Pennsylvania.  July 12, 1905.)

#### No. 30.

PATENTS—SUIT FOR INFRINGEMENT—LACHES.

A device relating to automatic music-playing instruments was used generally by manufacturers of such instruments for more than 12 years after the issuance of a patent therefor without notice or objection from the owners of the patent, and in many cases without knowledge of it on the part of the users, and during such time large capital was invested in the business, and instruments embodying the device aggregating several millions of dollars in value were sold.  Complainant, which was one of the manufacturers so using the device without right under the patent, became the owner of the patent some five years after it was issued, and continued the use of the device without marking the same patented or giving any notice of its alleged exclusive right to its competitors in business.  *Held*, that it was estopped by its laches from maintaining a suit for infringement against another, who, in the meantime, had established the manufacture of instruments in which the device was used without knowledge of the patent.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Patents, §§ 468, 469.]

In Equity.  Suit for infringement of patent.  Argument on plea.

Harold Binney and Bartlett, Brownell & Mitchell, for complainant.

A. B. Stoughton, James Whittemore, Edward Rector, and Frank P. Prichard, for respondent.

HOLLAND, District Judge.  The bill filed in this case alleges an infringement of a patent issued on the 19th day of April, 1892 (No. 473,338), for a useful improvement in automatic music-playing instruments, entitled "Automatic Governor for Pneumatic Motors."  This patent was assigned to the complainant on the 24th day of November, 1897.  Suit was brought against the defendant company on December 5, 1904, to which a plea was filed, and complainant set it down for argument.  In doing so the complainant admits the truth of the facts well pleaded, and denies their sufficiency.

On the pleadings, as they now stand, the facts are these:  Patent No. 473,338 was issued to William D. Parker, who assigned the same to Edward H. White, the assignor of the complainant, who acquired the same on the 24th day of November, 1897.  The complainant, however, prior to the assignment of this patent to it or its predecessors in business, in common with other manufacturers, made and sold machines embodying this alleged invention in defiance of said patent, and without any license or right there-

under. That from and after November 24, 1897, for some years, and after the defendant began to use the instrument claimed to have been patented, the complainant herein manufactured and sold mechanical musical instruments embodying said alleged invention without marking them as patented under the said patent, and without at any time notice to others (many of whom were using said alleged invention openly, publicly, and in large numbers) of the existence of the said letters patent or the complainant's alleged rights thereunder, until August 15, A. D. 1904. That for many years prior to the filing of the bill of complaint in this cause the alleged invention of the patent in suit was in general use by manufacturers of musical instruments throughout the United States, who were either in ignorance of or who manufactured in defiance of said letters patent, and without any right or license thereunder. That the complainant and its predecessors in the ownership of the said letters patent had full knowledge of the said alleged infringement by other manufacturers for many years, but allowed said use to continue without any notice or protest whatsoever, and without any effort or attempt of any kind to assert their alleged rights under the said letters patent prior to the filing of the bill of complaint in this cause. That 21 different firms had used this alleged invention, some of them beginning with the date or issuance of said patent, and continuing down to the time of suit being instituted against this defendant, during which time much capital has been invested upon the faith of a right to use this mechanism, and that instruments had been sold by manufacturers using said alleged invention amounting in value from ten to twenty million dollars. That the defendant commenced manufacturing and selling piano players embodying the structure now alleged to infringe said letters patent No. 473,338 in the year 1900, and has continued to make such instruments to the present time, and has made and sold several thousand of said instruments, and has advertised them in all the principle magazines and in the musical papers; and that the defendant has been in direct and open competition with the complainant from the day the defendant commenced business, and the complainant has known and been familiar with defendant's machine embodying said structure at all times since the year 1900. That at the time this defendant entered upon the manufacture of piano players, it was aware of the general use of the device now alleged to be patented in the patent in suit by manufacturers of piano players and other self-playing instruments, and was not advised that any one claimed a patent thereon, but relied upon such general use, and entered upon the manufacture of such players in good faith, and without any knowledge of the existence of the patent, and received no notice of the existence of a patent until the 15th day of August, 1904, at which time a letter was received, signed by the complainant company and another, notifying the defendant that a patent was claimed, and threatening them with a suit for infringement. Upon these facts the defendant alleges that the complainant has been guilty of laches, for which reason the bill should be dismissed.

Upon these facts it appears that from April 19, 1892, to August 15, 1904, a period of more than 12 years, this patent was innocently infringed by various concerns engaged in the manufacture of musical instruments, without any action on the part of the complainant or its predecessors in ownership, and no automatic music-playing instruments manufactured by the owners of the patent were ever marked, so as to notify the public of the existence of a patent, prior to the time the defendant received notice of the complainant's claim, while at the same time there was a general use of this device by manufacturers of musical instruments, who placed the same upon the market in competition with the owners of the patent, and this complainant permitted them to do so, and remained silent until vast sums of money were expended in plants, and many million dollars' worth of these instruments were sold, and now, within four years of the expiration of this patent, it is sought to restrain this defendant from its use. It is true that mere delay in bringing suit for an infringement of a patent will not prevent the owner thereof from obtaining relief in a court of equity when the infringement has been persisted in with knowledge of the existence of the patent, and no acts of commission or omission on the part of the patentee to encourage its use; yet where the complainant itself has infringed the patent prior to acquiring ownership therein, and for 12 years the general public used it in competition with the owners, who failed to mark the device as required by law, or to give notice of the patent, thereby permitting and encouraging the investment of vast sums of money and the sale of many millions of dollars' worth of instruments, it seems to me it would be inequitable to restrain the use of this device at this late day. Saxlehner v. Eisner, 179 U. S. 19, 21 Sup. Ct. 7, 45 L. Ed. 60; McLaughlin v. Railway Co. (C. C.) 21 Fed. 574; Woodmanse & Hewitt v. Williams, 68 Fed. 489, 15 C. C. A. 520; Meyrowitz v. Eccleston (C. C.) 98 Fed. 437; Edison E. L. Co. v. Ass. Soc. (C. C.) 55 Fed. 478; Starrett v. Athol Co. (C. C.) 96 Fed. 244.

What has been said applies to this case as it is presented on the issue joined on the plea to the bill, but as the complainant is entitled to reply or amend its bill (U. S. v. Dalles, 140 U. S. 599, 11 Sup. Ct. 988, 35 L. Ed. 560) the question as to whether the allegations contained in the plea can be sustained must, of course, be left to future developments.

The order of the court is that the complainant be permitted to reply or amend its bill on or before August 1, 1905; otherwise the plea will be sustained.