## SHEROVER v. JOHN WANAMAKER, NEW YORK.

District Court, S. D. New York.
June 17, 1939.

---

[4] Cf. Paul, Life Insurance and the Federal Estate Tax, 52 Harv.L.Rev. 1037, 1073.

Lind, Shlivek, Marks & Brin, of New York City, for plaintiff.

Gifford, Scull & Burgess, of New York City (Newton A. Burgess and Henry M. Leigh, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Plaintiff, holder of two patents, sues for an alleged infringement thereof by defendant "selling mattresses embodying the patented inventions". Defendant prior to answering the complaint makes two motions—one under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement of the article or articles alleged to infringe the patent in suit. At the argument it was agreed that plaintiff would satisfy the demand of this motion by stating that "the mattress sold by the defendant under the name of 'Royal Foam' infringes the patents in suit."

Defendant's second motion is "to strike or dismiss the Complaint filed herein, because if the type of mattress charged to infringe the patents in suit be the type sold by defendant as Royal Foam rubber mattress, as will more fully appear when plaintiff particularizes in response to the Motion for More Definite Statement filed herein, it will be apparent upon the face of the patents and an inspection of a sample of such Royal Foam mattress, that none of the claims of the patents in suit can possibly be read upon such mattress and that there is, therefore, no infringement."

To that notice of motion defendant adds a statement that defendant is submitting an affidavit and "sample showing the construction of the Royal Foam mattress, both of which are a part of this motion." The said notice further states that the motion to dismiss is made under Rule 12(f), but defendant's brief corrects this to read Rule 12 (b) (6).

I think that defendant has mistaken his remedy. A motion under Rule 12(b) (6) to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted is limited to the pleading. Plaintiff, in response to the concurrent motion of defendant for a more definite statement, has stated that "the mattress sold by the defendant under the name of 'Royal Foam' infringes the patent in suit." This may be considered as an addition to paragraph "4" of the complaint, but that does not help the situation on this motion to dismiss. Even with that addition the complaint states on its face a claim upon which relief can be granted.

Defendant cannot ask the Court on this present motion to consider a sample of the alleged infringing mattress, referred to in an affidavit of the General Sales Manager of the United States Rubber Company as the type of mattress sold to John Wanamaker by the United States Rubber Company under the trade mark "Royal Foam". The motion to dismiss a claim under Rule 12(b) (6) must be based on the pleading, and may not be aided by affidavits. McConville v. District of Columbia, D.C., 26 F.Supp. 295.

I think that defendant's remedy, if it wishes to have the issue of infringement determined on motion, would be under Rule 56(b) by way of a motion for summary judgment. That motion may be made with

supporting affidavits. Perhaps, prior to making such motion, defendant could establish that Exhibit "A" is a sample of the alleged infringing mattress, by addressing proper interrogatories to the plaintiff under Rule 33.

The motion to dismiss the complaint is denied. Submit order on notice.