**SHEEHAN v. MUNICIPAL LIGHT & POWER CO. et al.**

District Court, S. D. New York.

Feb. 15, 1940.

William J. Rapp, of New York City, for plaintiff.

Miller, Owen, Otis & Bailly, of New York City (Harold H. Corbin, of New

York City, of counsel), for defendants Consolidated Edison Co. of New York, Inc., and Manhattan-Bronx Power Corporation.

LEIBELL, District Judge.

Defendant moves to dismiss the complaint (as supplemented by a bill of particulars and a further bill) on the ground that it fails to state a claim upon which relief can be granted. Rule 12(b) (6), F.R. C.P. 28 U.S.C.A. following section 723c. A bill of particulars becomes a part of the pleading which it supplements. Rule 12(e).

Plaintiff asks that the Court consider on this motion the various affidavits submitted by the parties on the motion for the bill of particulars, heard by Judge Conger, and on the motion for a further bill which came before me. However, on this present motion, which takes the place of the old demurrer, the Court is limited to the pleading attacked. Sherover v. John Wanamaker, D.C., 29 F.Supp. 650.

Plaintiff sues in a representative capacity, as a stockholder of the Inter-City Power Company, and seeks to set aside a judgment of this Court docketed November 20, 1922, for $277,175.75 in an action brought by Municipal Light and Power Company against Long Acre Light and Power Company. The property of the Long Acre was sequestered and a receiver appointed. He sold the property at public auction and the sale was confirmed by Court order. By various conveyances the property passed into the possession of the Manhattan-Bronx Power Corporation and finally to the Consolidated Edison Company. Plaintiff claims those proceedings were involved in fraud and that valuable properties were thus sacrificed as a result of a conspiracy to strip the Long Acre Light and Power Company of its assets.

Plaintiff is not a stockholder of the Long Acre Light and Power Company; she is a stockholder of the Inter-City Power Company. But she asserts that the Inter-City Company had a beneficial interest in certain stock of the Long Acre Company. After a demand and a further demand for a bill of particulars she stated that the stock in question consisted of 500 shares of stock of Long Acre, registered on the books of that company in the names of Alexander P. Bartlett, William P. Kaufman and George T. Tobin, as trustees, and that they held said stock for the benefit of the Inter-City Company of which plaintiff is and was a stockholder. Plaintiff in her bill of particulars states she is unable to state whether or not she bases her allegation of "beneficial ownership" upon an instrument in writing nor does she state the terms or conditions on which the beneficial interest of Inter-City Company in the said 500 shares of Long Acre stock is based. It is defendant's contention that plaintiff by her complaint and bill of particulars has in effect pleaded herself out of Court, in that she has failed to show that she had such an interest in Long Acre as would make her a proper party to attack the alleged fraudulent sale of Long Acre's assets.

Although the pleading is somewhat thin on this point, I think that plaintiff should not be dismissed at this stage of the litigation. If there is no basis for her contention that Inter-City had an interest in the 500 shares of Long Acre stock, an examination of the three trustees in whose name the stock was registered should throw some light on that point. Of course, the alleged fraudulent sale is about seventeen years old, but there should be some former officials or employees of Inter-City or Long Acre available for examination, or some corporate records of those companies that would throw some light on this issue.

Defendant may later make a motion for a summary judgment, on a proper showing. Rule 56.

Defendant's motion to dismiss the complaint under Rule 12(b) (6) is accordingly denied. Submit order on notice.