## EBERLE v. SINCLAIR PRAIRIE OIL CO.

### No. 228.

District Court, E. D. Oklahoma.

Sept. 19, 1940.

a gas explosion while decedent, with others, was repairing a gas line owned by the defendant, Sinclair Prairie Company, a corporation (hereinafter referred to as Sinclair). The first suit filed by the plaintiff was filed in the District Court of Seminole County, Oklahoma, against McGeorge Corporation (hereinafter referred to as McGeorge) and Vetchel Hailey. In the suit against McGeorge and Hailey, the plaintiff alleged that Hailey and Alvah Gray were foremen for McGeorge and that McGeorge was employed by Sinclair to repair the gas line; that in the repair of the gas line, it was necessary to dig a pit of considerable size, that the gas line was leaking and as the work progressed, the pit filled with gas; that while decedent was in the pit working someone carelessly ignited the gas by striking a match causing the explosion which severely burned the decedent causing his death some fifteen hours later. In this first suit the plaintiff alleged a man in the employ of the Sinclair advised the foreman of McGeorge that the condition under which the repair would be made was dangerous and that he, the agent of Sinclair, would shut off the gas during the repair but that the foreman of McGeorge required the decedent to continue his work, advising him that there was no danger and that it was needless to wait until the gas was shut off. In said suit the plaintiff sought a judgment of $86,400 for the wrongful death of the decedent and $5,000 for the pain and suffering endured by decedent prior to his death. The suit against McGeorge and Hailey proceeded to trial and during the progress of the trial, and prior to a verdict by the jury, the plaintiff entered into an agreed settlement with McGeorge and Hailey whereby the plaintiff was to be paid, and was paid, $7,000 for the wrongful death of decedent and $500 for the pain and suffering. In the stipulation it is recited, "and plaintiff and her aforesaid attorneys acknowledge receipt of said sums and do hereby compromise and settle this cause and both of said causes of action, and do hereby forever acquit, discharge, and release defendants, and the agents, servants and employees of the defendant, McGeorge Corporation, from all liabilities of every kind * * *". In said stipulation, the plaintiff further said "that plaintiff and her attorneys do hereby move and request the court to approve this compromise and settlement and

Wm. W. Pryor and Glen O. Wallace, both of Wewoka, Okl., for plaintiff.

Edward H. Chandler, Summers Hardy, and W. H. McBrayer, all of Tulsa, Okl., for defendant.

RICE, District Judge.

This is the second suit that the plaintiff as administratrix of the estate of Carl Eberle, deceased, has filed for the wrongful death, pain, and suffering caused by

do hereby dismiss this case with prejudice and request that the court enter its order approving said compromise and settlement and dismissing this case with prejudice".

It appears from the compromise and settlement that the plaintiff was asserting claims against other tort-feasors, and in the settlement agreement plaintiff sought to reserve her rights against the other tort-feasors. The compromise and settlement was presented to the court and on the twenty-first day of October, 1939, the court entered a judgment approving the compromise and settlement. The concluding three paragraphs of the journal entry are as follows:

"The court finds that there is a bona fide controversy and dispute between the plaintiff and the defendants involved herein, and that said settlement and compromise is reasonable and just and should in all things be confirmed and approved and effectuated by the order of this court.

"The court further finds that this settlement is made without prejudice to any claims which the plaintiff has against any tortfeasors for damages on account of the accident to the death (accidental death?) of the deceased, and all rights of plaintiff against such tort-feasors are reserved, and it is ordered that this settlement and compromise shall be without prejudice to such claims.

"It is therefore ordered, adjudged and decreed by the court that the aforesaid compromise and settlement be and the same is hereby confirmed and approved, and that this case be and the same is hereby dismissed with prejudice to any further action against the defendants."

Thereafter the plaintiff filed in the District Court of Seminole County, Oklahoma, this suit against Sinclair and Alvah Gray. In the original petition the plaintiff makes substantially the same allegation as to the manner in which the decedent met his death and attempts to state a cause of action against Sinclair because the condition under which the decedent was working was dangerous and known to be dangerous by Sinclair. In the first petition filed herein, the plaintiff again alleges that Sinclair employed McGeorge to repair the gas line and that the decedent was working for McGeorge. The cause was removed to this court upon petition of Sinclair. No petition for remand to the state court was filed by the plaintiff. Sinclair filed a motion to dismiss based upon the proceedings had in the first cause of action filed by the plaintiff against McGeorge and Hailey, copies of which had been attached to the petition for removal. Before the motion to dismiss was passed on by the court, plaintiff, by permission, filed an amended petition in which she dismissed her cause of action against Alvah Gray and elected to proceed against Sinclair alone, and in this amended petition plaintiff makes allegations to the effect that the decedent, along with the others working with him, in repairing the pipe line, was employed by Sinclair and that the apparent employment of McGeorge was a sham for the purpose of escaping liability and that the men who did the repair reported to and received orders from the superintendent of Sinclair. In this last action, the plaintiff seeks to recover $78,000 for the wrongful death of decedent and $5,000 for pain and suffering.

To this amended petition, Sinclair filed a motion to dismiss and also a motion for summary judgment and made a part of each motion a copy of the petition in the District Court of Seminole County filed by the plaintiff against McGeorge, a copy of the compromise and settlement agreement and a copy of the judgment of the court based upon this agreement. In the hearing upon these motions the attorneys for the plaintiff, in response to a question by the court, admitted the proceedings had in the state court as set forth in defendant's motion.

Upon consideration of the merits, without considering the procedural questions, the court is of the opinion that the plaintiff may not successfully maintain this action and recover any judgment against Sinclair. The judgment of the state court in the suit against McGeorge and Hailey based upon a compromise and settlement resulting in a judgment of dismissal with prejudice was a judgment on the merits, final in form, and a bar to further action by the parties. Turner v. Fleming, 37 Okl. 75, 130 P. 551, 45 L.R.A.,N.S., 265, Ann.Cas.1915B, 831; Amos v. Johnston, 162 Okl. 115, 19 P.2d 344; United States v. Parker, 120 U.S. 89, 7 S.Ct. 454, 30 L.Ed. 601; Conner et al. v. Cornell et al., 8 Cir., 32 F.2d 581; Mars et al. v. McDougal et al., 10 Cir., 40 F.2d 247; Sessions v. Johnson, 95 U.S. 347, 24 L.Ed. 596. Although the plaintiff attempted to reserve her rights against other tort-feasors and although the judgment of

the court attempted to reserve the plaintiff's right to proceed against other tort-feasors, the plaintiff is precluded from any additional recovery against tort-feasors not made a party to the first suit. Plaintiff can have but one satisfaction for a joint wrong. When she obtained satisfaction of the judgment based upon the settlement in the case against McGeorge and Hailey, this had the effect of discharging the other tort-feasors. Cain et al. v. Quannah Light & Ice Company, 131 Okl. 25, 267 P. 641; City of Wetumka v. Cromwell-Franklin Oil Co. et al., 171 Okl. 565, 43 P.2d 434. See, also, authorities, supra. She had but one cause of action. It was against all or any of the tort-feasors. Her effort and intention to reserve a right to proceed against others exceeded her legal right. Likewise, that part of the court's judgment attempting to reserve such a right exceeded the power of the court.

▆▆ A further question to be considered is whether or not the defendant's motion to dismiss should be sustained or whether the action of the court should be upon the motion for summary judgment. Although it will make no difference in the results obtained, due to the fact that the attorney for the defendant has so urgently and ably presented the matter under a motion to dismiss, the court deems it necessary, in order to clarify future procedure, to pass upon this procedural question. In the first place, this court is of the opinion that the matters set forth in the motion by the defendant are matters of defense that should be affirmatively pleaded under Rule 8 (c), Rules of Civil Procedure, 28 U.S.C.A. following section 723c; that this court does not take judicial notice of proceedings had in another case in the state court from which this cause was removed.

▆▆ Rule 12 (b) (6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for "failure to state a claim upon which relief can be granted". This defense, together with five others named in Rule 12 (b), may be presented prior to the filing of the responsive pleading. Moore on Federal Practice, volume 1, page 646, discusses these six defenses which may be presented by motion and reaches the conclusion that, since defenses 1 to 5 may be supported by affidavits, it is quibbling to say that defense No. 6 may not be supported by affidavits. I am not able to agree with this conclusion, for there is a difference in the language of the rules. The language of defense No. 6 shows that the failure to state a claim upon which relief may be granted has reference to the complaint filed by the plaintiff. In no other pleading has the plaintiff made an effort to "state a claim". When a motion to dismiss under Rule 12 (b) (6) is presented to the court, the question for the court to determine is whether or not the plaintiff has stated a claim upon which relief may be granted. This court, in Baker v. Sisk, decided December 17, 1938, and reported in volume 1 F.R.D. at page 232, 236, in discussing this motion, stated, "The motion to dismiss provided for under the rules is not designed to reach a case in which the plaintiff would not be entitled to any relief after the matters of defense have been presented. In other words it may not be substituted for an answer". The courts are almost unanimous in holding that a motion to dismiss tests the sufficiency of the complaint and that in passing upon said motion the court looks to the allegations of the complaint, and to those allegations alone; and that all matters of fact well pleaded are taken as true. Sheehan v. Municipal Light & Power Company et al., D.C., 1 F.R.D. 256; Sherover v. John Wanamaker, D.C., 29 F.Supp. 650; McConville v. District of Columbia et al., D.C., 26 F.Supp. 295; Nielson v. Farley et al., D.C., 26 F. Supp. 948; L. Singer & Sons et al. v. Union Pacific Railroad Company (Kansas City, Mo., v. L. Singer & Sons et al.), 8 Cir., 109 F.2d 493. The best statement of this construction of the rule is contained in Leimer v. State Mutual Life Assurance Company of Worcester, Mass., 8 Cir., 108 F.2d 302, 305. Therein the court, speaking through Judge Sanborn, said: "Under the present practice, we think, the making of a motion to dismiss a complaint for failure to state a claim upon which relief can be granted has the effect of admitting the existence and validity of the complaint as stated, but challenges the right of the plaintiff to relief thereunder. * * * In view of the means which the Rules of Civil Procedure afford a defendant to obtain a speedy disposition of a claim which is without foundation or substance, by either securing a more definite statement or a bill of particulars under Rule 12 (e) and thereafter applying for judgment on the pleadings under Rule 12 (h) (1), or by moving for a summary

judgment under Rule 56, we think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim."

In construing Rule 12 (b) (6), due consideration should be given to all other rules, particularly Rule 8 (c) and Rule 56 (b). The construction contended for by the defendant would permit affirmative defenses, required under Rule 8 (c), to be pleaded, to be presented by motion prior to the filing of a responsive pleading, and further would practically eliminate the necessity of Rule 56 (b). Such a broad construction should not be given to Rule 12 (b) (6).

The pleadings in this case, with the admission of plaintiff, show that, as to plaintiff's right to recover against Sinclair, there is no issue of fact, but that defendant is entitled to a judgment as a matter of law, Rule 56 (c).

Defendant's motion to dismiss should be overruled. Its motion for summary judgment should be and is sustained. Defendant will prepare a journal entry in conformity with this opinion.