**EASTMAN KODAK CO. v. McAULEY et al.**

District Court, S. D. New York.

Sept. 25, 1941.

See, also, 2 F.R.D. 21.

Pennie, Davis, Marvin & Edmonds, of New York City (N. M. Perrins and George A. Gillette, Jr., both of Rochester, N. Y., of counsel), for plaintiff.

Harry Price, of New York City, for defendants.

CONGER, District Judge.

Plaintiff has moved to strike out paragraphs 13, 14, 17(g) and the last four lines of paragraph 18, of the third party complaint, on the ground that the defense of laches and estoppel that is therein alleged is insufficient in law upon the facts as pleaded.

Plaintiff contends that these allegations as to the manufacture and sale of film reels by strangers to this action cannot become the basis of the defense of estoppel by the third party complainant, so as to preclude the plaintiff from asserting its patent rights against third party complainant. It is plaintiff's position that any possible estoppel existing in favor of third parties which would effectively prevent plaintiff from suing such third parties for patent infringement cannot be utilized by the defendants and third party complainants in this case inasmuch as estoppel is a personal defense.

Although plaintiff has moved to dismiss in point of law under Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, both parties have submitted affidavits herein. Whether or not affidavits may be considered on motions of this type is a disputed point. I think affidavits are improper, and therefore they will be disregarded herein. See Sherover v. John Wanamaker, New York, D.C., 29 F.Supp. 650; Eberle v. Sinclair Prairie Oil Co., D.C., 35 F.Supp. 296, 299; Kuhn v. Pacific Mut. Life Ins. Co., D.C., 37 F.Supp. 102, 105; Sheehan v. Municipal Light & Power Co., D. C., 1 F.R.D. 256; also see discussion of this problem in Judge Ford's article, 1 F.R.D. 315 at page 319, 320 and 321; Cf. Massaro v. Fisk Rubber Corp., D.C., 36 F.Supp. 382, 383.

It is clear that the violation of one's patent by several parties does not give an unabridged license to all to invade plaintiff's patent rights. It is true that plaintiff may abandon any rights to enforce a valid patent by permitting, without protest, a large scale infringement by the industry generally. Wilcox & White Co. v. Farrand Organ Co., C. C., 139 F. 46. "Laches, in legal significance, is not mere

delay, but delay that works a disadvantage to another". Chase v. Chase, 20 R.I. 202, 37 A. 804, 805, quoted with approval in Universal Coin Lock Co. v. American Sanitary Lock Co., 7 Cir., 104 F.2d 781.

The defendant herein has not pleaded that by plaintiff's alleged laches or abandonment, defendant has been placed at a disadvantage, or that he relied upon plaintiff's laches or abandonment to his own detriment. There are no allegations in the third party complaint of this reliance with a resulting change of position. I believe this is necessary in the pleading to raise the issue as a defense.

Under the circumstances, I think that defendant's defense is insufficient in law, and the motion of plaintiff is granted, but without prejudice to defendant, if he be so disposed, to serve and file an amended third party complaint setting up this defense of laches, estoppel or abandonment as indicated above.

Settle order on notice.