## Order

Defendant's motion to dismiss is overruled.

Arthur G. Connolly of Wilmington, Del., and Leonard L. Kalish of Philadelphia, Pa., for plaintiff.

William S. Potter and Southerland, Berl & Potter, all of Wilmington, Del., and Charles R. Fenwick and Mason, Fenwick & Lawrence, all of Washington, D. C., for defendants Paramount-Richards Theatres, Inc., Paramount-Richards Enterprises, Inc., Kennington-Richards Enterprises, Inc., Saenger Theatres Corporation, Capitol Theatre Corporation, and United Theatres, Inc.

RODNEY, District Judge.

This is an action brought by the plaintiff, a New Jersey corporation, against seven corporations, six of whom are alleged to be corporations of Delaware, and the seventh (not served and non-appearing) a corporation of Louisiana.

The complaint alleges jurisdictional requirements and sets out two causes of action. The first cause of action is allegedly for the recovery of royalties under a patent license. The second cause of

action (in a sense contingent and alternative and dependent upon the denial by the defendants or any of them that the acts complained of did not occur under the claimed license agreement) seeks recovery for alleged infringement of a patent.

The appearing defendants, under Rule 12(b) (6),[1] have moved to dismiss the complaint as to both causes of action on the ground that the complaint fails to state a claim upon which relief can be granted "in that the plaintiff, as patentee, has so abused its rights acquired under the patent that it is not entitled to any relief in this litigation for the reason that the patent licensing agreement, annexed to and made a part of said complaint, indicates that the plaintiff—patentee—was unfairly using its patent monopoly to drive competing businesses out of the market."

The patent involved in this proceeding purportedly covers the erection and operation of "drive-in theatres." The provision of the alleged patent license agreement to which attention has been drawn provides: "3. Licensee covenants and agrees that it will not either directly or indirectly promote or aid the making, construction, use or operation of any drive-in theatre not licensed by Licensor."

The plaintiff has moved for leave, before answer, to take the deposition of one E. V. Richards, Jr., President and general manager of one of the defendants, such deposition to be directed to matters raised by the defendants' motion to dismiss the complaint. In support of the motion to take the deposition, it was submitted, inter alia, that "The issues raised by defendants' motion to dismiss involve questions of fact as to which plaintiff desires, and this court should have, the benefit of oral testimony before the motion [to dismiss] is disposed of." The plaintiff also submits that the person whose deposition is sought "Is possessed of information which plaintiff believes will establish that plaintiff has never abused its rights under the patent in suit and has never unfairly used this

patent to drive competing businesses out of the market."

This memorandum deals solely with the motion of the plaintiff to take the deposition. No extraneous matter has been offered by the defendants in support of their motion.

Under Rule 12(b) (6) as it originally existed, and before the amendment, some courts have held that upon a motion to dismiss a complaint because of failure to state a claim upon which relief can be granted, extraneous matter such as depositions or affidavits could not be introduced. See Eastman Kodak Co. v. McAuley, D.C.N.Y., 41 F.Supp. 873 and cases there cited; other courts have held that such extraneous matter could be received in connection with such motion. See Alabama Independent Service Station Ass'n, Inc. v. Shell Petroleum Corporation et al., D.C. Ala., 28 F.Supp. 386, 388 and discussion in 1 F.R.D. 319.

The amendments to the Federal Rules of Civil Procedure as approved by the Supreme Court, and now waiting the passage of time for effectiveness,[2] seem clearly to imply that such extraneous matter shall be receivable. The amendment to Rule 12(b) (6) provides that if such extraneous matter is presented to and not excluded by the court, the motion to dismiss shall be treated as a motion for summary judgment and disposed of pursuant to Rule 56.

It will be noted, however, that the present case differs from every case allowing the use of extraneous matter in connection with a motion to dismiss the complaint under Rule 12(b) (6). In every case that has been found allowing the use of such extraneous matter, such matter has been offered or introduced by the defendant and in support of the motion to dismiss the complaint. In the present case the extraneous matter is sought by the plaintiff.

It is difficult to see how this extraneous matter offered by the plaintiff before an-

---

[1] Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[2] The first regular Session of the 80th Congress having adjourned sine die on December 19, 1947, the Amendments to the Rules will become effective on March 19, 1948.

swer could be received either under the original rules or under the amendment when effective. Under the original and present rules the extraneous matter, if offered by the plaintiff before answer, would have the effect solely of either reenforcing or of controverting the complaint, for that is the only factual matter before the court. The motion to dismiss the complaint for failure to state a claim upon which relief can be granted clearly either partakes of the nature of a demurrer under the old practice, as some courts have held, or the motion to dismiss supplemented by extraneous matter constitutes a matter of defense. In neither case can extraneous matter be offered by the plaintiff unless it be in reply to such extraneous matter as may be offered by the defendant.

The matter becomes even clearer viewed in connection with the amended rule. Under that amendment where extraneous matter is presented to and not excluded by the court, it is mandatory that the motion to dismiss be treated as a motion for summary judgment, and this could not well be if the extraneous matter was offered solely by the plaintiff. No matter of substantive defense would then be before the court to be considered as a summary judgment, but only a claim by the defendant of the inherent weakness of the complaint itself. I would not be understood as saying that under numbered subsections of 12(b), other than subsection (6), and where questions of fact are raised by the motion to dismiss, the plaintiff may not submit extraneous matter in answer to the facts raised by such motion to dismiss. See Urquhart v. American-LaFrance Foamite Corp., 79 U. S. App.D.C. 218, 144 F.2d 542, 544; Moore's Federal Practice 2467, 2468. An ordinary motion to dismiss under 12(b) (6), unaccompanied by extraneous matter, raises no question of fact but merely a question of law unless the nature of the motion itself by amplification of the reasons therefor (such as the Statute of Limitations) presents a situation where matter of fact may be answered by the plaintiff.

Except as specially provided for by the rules, I am of the opinion that under a motion by the defendant under the present Rule 12(b) (6) to dismiss the complaint for failure to state a claim upon which relief can be granted, no extraneous matter can be offered in the first instance by the plaintiff, but such extraneous matter, if receivable at all, is receivable only in reply to extraneous matter submitted by a defendant.

The motion of the plaintiff to take the deposition must be denied.