## FIRST NAT. BANK OF SAYRE et al. v. SANDERS et al.

No. 22977.   Sept 11, 1934.

Rehearing Denied Oct. 16, 1934.

T. R. Wise and Arthur Leach, for plaintiffs in error.

Stuart, Bell & Ledbetter (by H. L. Stuart), for defendants in error.

CULLISON, V. C. J.     P. R. Sanders and E. M. Sanders, plaintiffs, filed suit against the First National Bank of Sayre, Okla., E. K. Thurmond, and Guy Ford, defendants, seeking the cancellation of a certain sheriff's deed issued to the First National Bank of Sayre and deeds from said bank to Thurmond and Ford, covering said property.

The record discloses that P. R. Sanders and his wife, E. M. Sanders, had owned the property for many years prior to the date of this action. P. R. Sanders purchased the property and took title in his own name, but a portion of the purchase price and the price of improvements placed thereon was paid for by money furnished by his wife, E. M. Sanders. Later, P. R. Sanders conveyed the property to E. M. Sanders, who held title to the same from 1910 until 1921. In 1921, E. M. Sanders deeded the property to P. R. Sanders, and later a mortgage was procured thereon from the First National Bank of Sayre. The note and mortgage were signed by both P. R. Sanders and E. M. Sanders. Later, O. K. Griggs instituted suit against P. R. Sanders, the record owner of said property, the First National Bank of Sayre, the mortgage holder, and other defendants, in which suit Griggs sought to foreclose a lien against the property in question.

In said suit the First National Bank cross-petitioned and foreclosed its mortgage against Sanders, but did not make E. M. Sanders a party defendant to said suit. The property in question was sold by the sheriff at sheriff's sale under judgment issued in said case, and the First National Bank purchased said property. Later, the bank conveyed said property to E. K. Thurmond and Guy Ford, who were officials of said bank.

Thereafter the suit at bar was filed, in which suit E. M. Sanders claims to be the owner of an undivided one-half interest in and to said property and seeks to set aside the sheriff's deed to the bank and deed from the bank to Thurmond and Ford, because she was never made a party to said foreclosure proceedings and had never been divested of her right and title in and to said property. P. R. Sanders sought to recover his interest in and to said land upon the theory that the officers of said bank had promised to reconvey said property to him at any time he would pay the amount of indebtedness against said property.

The court held against the contention of P. R. Sanders, who need not be considered further in said cause, but permitted the case to go to trial between E. M. Sanders and the defendants in said cause.

At the conclusion of said cause, the court held that E. M. Sanders was the owner of an undivided one-half interest in and to said property and canceled deeds from the sheriff to the First National Bank of Sayre and from said bank to Thurmond and Ford in so far as said deeds affected the undivided one-half interest in said property owned by E. M. Sanders, conditional that E. M. Sanders pay such indebtedness as existed against said property, and that the defendants account to E. M. Sanders for her proportionate part of the rents and profits arising from the rental of said property.

From said judgment, defendants appeal to this court, and contend that there is a variance between the pleadings and the proof. In our consideration of this question, it will be observed that section 245, O. S. 1931, provides as follows:

"No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as may be just."

Said question of variance was also considered by this court in the case of First

National Bank of Mounds v. Cox, 83 Okla. 1, 200 P. 238, wherein this court held:

"A variance between the pleadings and the evidence at a trial where the question of such variance is not raised at the time of the introduction of the evidence and exception saved, but is raised for the first time on appeal in the appellate court, will be held in the appellate court to be waived, and review of such alleged error will be refused by the appellate court."

In the body of the opinion, the court further said:

"Under the first assignment of error, the attorneys for the defendant bank discussed, in their brief, what they call a variance between the pleadings and the evidence, contending that the same was a material variance. It appears from the record that there were no objections made at the time the evidence was introduced on both sides pertaining to duress and menace, and nothing appears in the record raising the issue of variance. Neither is the same assigned as error in the motion for a new trial. We do not think it was proper to raise such a question for the first time in the brief. It is too late, on appeal, to raise for the first time, questions as to variance between pleadings and proof.' Taylor v. Southerland, 7 Ind. T. 666, 104 S. W. 874.

"To the same effect is Patterson v. M., K. & T. Ry. Co., 24 Okla. 747, 104 P. 31. * * *"

The question of variance was not sufficiently raised in the trial court to enable defendants to have said matter considered in this court in accordance with the authorities heretofore cited.

Defendants' second contention is that there is no sufficient evidence to establish a resulting trust in E. M. Sanders. In consideration of this proposition we observe that E. M. Sanders paid a goodly portion of the purchase price for said real property and for the construction of improvements thereon; that she held title in her own name from 1910 until 1921, at which time she reconveyed to her husband, P. R. Sanders. The evidence further shows that at the time of the execution of the mortgage by Sanders and wife to the bank, E. M. Sanders informed the agents of the bank that she owned an interest in said property, and the bank required her to sign the note and mortgage executed upon said business property.

The court heard all the evidence in said cause and found in favor of E. M. Sanders, thereby finding that P. R. Sanders held the interest of E. M. Sanders in trust for her.

In the case of J. I. Case Threshing Machine Co. et al. v. Walton Trust Co. et al., 39 Okla. 748, 136 P. 769, this court discussed the question of trust as follows (syll. 1, 3):

1. "Resulting trusts are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner."

2. "Resulting trusts are not within the statute of frauds, and may therefore be established by parol evidence, where not otherwise incompetent."

In the case at bar the evidence was sufficient to show that P. R. Sanders was holding the legal title in and to said property, but that E. M. Sanders was the owner of the equitable interest therein and the one deemed to be the real owner thereof in accordance with the rule announced in the authority just cited, supra.

Under the rule announced in said case as cited, we do not consider that the trial court erred in holding that there was sufficient evidence to establish a trust, and that E. M. Sanders was the equitable and real owner of an undivided one-half interest in said property.

Defendants' third contention is that the deed executed by E. M. Sanders in February, 1921, conveying the legal title to P. R. Sanders, was done in fraud of creditors of E. M. Sanders, and, that being true, equity will refuse to entertain any claim of title in E. M. Sanders.

There is no sufficient showing in the record that the transfer was to defraud. The bank knew the real situation and required that E. M. Sanders sign the note and mortgage along with her husband, the record title owner. The bank's mortgage was foreclosed in the former case of Griggs v. Sanders et al. In this case Griggs instituted proceedings in the district court to foreclose a lien upon the property under consideration, and made P. R. Sanders, the bank, and others defendants, but did not make E. M. Sanders a defendant. The bank cross-petitioned in said suit and foreclosed its mortgage, but did not make E. M. Sanders a party when she had signed the note

and mortgage foreclosed and had informed officials of the bank that she owned an interest in said property when executing the note and mortgage.

If the bank desired to foreclose her interest under the mortgage signed by her, it was absolutely necessary that she be made a party to the suit. Having failed to so do, her rights were not foreclosed. The judgment of the trial court permitted E. M. Sanders to recover an undivided one-half interest in said property, set aside the sheriff's deed to the bank and the deed of the bank to Thurmond and Ford in so far as said deeds affected plaintiff's one-half interest, subject to plaintiff paying the mortgage indebtedness against said property, and ordering an accounting for the rents and profits since the sheriff's sale.

We do not consider defendants' third contention well founded. We find that the trial court properly weighed the evidence and correctly construed the law applicable thereto.

The judgment of the trial court is affirmed.

RILEY, C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.