WINKLER v. WINKLER, Ex'r.

No. 30555. June 23, 1942.

*127 P. 2d 139.*

116

Edwards & Edwards, of Cordell, for plaintiff in error.

Jones & Wesner, of Cordell, for defendant in error.

BAYLESS, J. Kate Winkler, now deceased, sued her son, H. B. Winkler, in the district court of Washita county setting up four causes of action in her petition. During the course of the action she died and the action was revived in the name of William J. Winkler, administrator of her estate.

The trial court directed a judgment against defendant on the first three causes of action, all of which related to money advanced by the mother to the son. In the brief here the son contends that insofar as this record is concerned the money advanced by the mother to him, the sums of which he admits, may have been voluntary on her part, and he points to the fact that there is no evidence in the record of any agreement expressed or implied to repay this money. At the commencement of the trial it was stipulated these sums of money were advanced according to the allegation of the petition and the son received the benefit thereof. Our study of the record convinces us that the son made no particular defense to these three causes of action and the argument made here in the assignment of error is not convincing. We are of the opinion that the trial court correctly directed judgment against the son on the first three causes of action.

On the fourth cause of action the mother, claiming title to certain real estate, sued the son for the rental value thereof. The son filed a cross-petition wherein he claimed ownership of the real estate. His pleadings and evidence disclose that many years before this action was filed and tried, the son became involved in a criminal charge and his mother executed a bail bond as surety for him, and the mother required the son to deed her the real estate involved herein as security for her suretyship. This is denied by the administrator of the estate. After considering all of the evidence in the record, we are convinced (1) that the agreement between the mother and son was that the land was deeded to the mother to protect her and not to vest title in her irrevocably; (2) that other than executing the bond for the son the mother gave no consideration whatever for this real estate; (3) that by reason of the execution of the bond the mother was not occasioned any loss by reason of which she could look to the real estate for reimbursement; and (4) there is ample competent evidence, uncontradicted, that the mother several times expressed an intention to deed the property back to the son when she became convinced that she would suffer no loss through having signed his bond. Added to all of this is the fact that the son remained in possession of this land at all times until late in 1939, without interference by the mother.

The trial court submitted interrogatories to the jury with respect to this cause of action, and the jury answered that the deed was given to convey title and not as security. However, we are of the opinion that this issue was equitable in its nature and the verdict of the jury advisory only. In equitable actions, or on equitable issues in mixed actions, it is the duty of this court to weigh the evidence and to reverse the judgment of the lower court if we are of the opinion that such judgment is clearly against the weight of the evidence.

Upon consideration of the evidence in the record before us, we are of the

opinion that the answer of the jury to the interrogatory and the judgment of the court based thereon are clearly against the weight of the evidence. For the reasons stated above, we are of the opinion that title never passed from the son to the mother, and therefore his occupancy of the land was by right of equitable title. We are of the opinion, also, that the son's title to this real estate should be quieted, subject to an accounting with respect to the expenditures made by the mother on the land. The evidence introduced by the son meets the test of clearness and cogency to support a judgment in his favor. Morrison v. Krouch, 141 Okla. 288, 285 P. 10, and other cases.

The judgment of the trial court is affirmed insofar as it relates to causes of action 1, 2, and 3; and is reversed insofar as it relates to cause of action 4 and the cross-petition of the defendant, and the matter is remanded to the lower court for further proceedings not inconsistent with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.