DORRANCE v. DORRANCE.

No. 31868. Nov. 13, 1945.

Rehearing Denied Dec. 4, 1945.

*163 P. 2d 973.*

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for plaintiff in error.

Priest & Belisle, of Oklahoma City, for defendant in error.

PER CURIAM. This is an action by O. F. Dorrance against Bettie Dorrance for a divorce and adjustment and settlement of property rights. Plaintiff relies on a common-law marriage.

Defendant in her answer denies that such marriage ever existed and affirmatively pleads that they were married by ceremonial marriage in 1903, that a divorce was granted on her petition in August, 1921, but by way of cross-petition she pleads in the alternative that if the court should find that the marriage relation existed between the parties, she was then entitled to a divorce on the ground of habitual drunkenness and gross neglect of duty; and further alleges that the parties had acquired no property subsequent to such second marriage and that the property in which plaintiff claims an interest constituted her sole and separate property prior to such second marriage. The trial court sustained the theory of plaintiff as to the contention that a common-law marriage existed between the parties but granted defendant a divorce on her cross-petition and denied plaintiff any relief.

Plaintiff has appealed and asserts that the finding and judgment of the trial court that the property involved constituted the separate property of defendant at the time of the marriage is not sustained by the evidence and is contrary to law.

Neither party seriously challenges the judgment and finding of the court insofar as it finds and adjudges that a common-law marriage existed between the parties and insofar as it granted a divorce to defendant on her cross-petition. We shall therefore sustain this portion of the judgment without further discussion.

We are, however, of the opinion that the court erred in its judgment in settling and adjusting the property rights between the parties.

The evidence in this respect discloses that plaintiff and defendant were married by ceremonial marriage in December, 1903. A divorce was granted August 22, 1921, on petition of defendant herein, plaintiff in that action. Prior to the granting of the divorce in that case the parties entered into a property settlement, which property settlement was approved by the court and made

a part of the judgment and decree in that case. Under the settlement and decree it is recited that during the marriage the parties had acquired title to one-half interest in and to an equity in 2,300 acres of land located in Stephens county, a home located at 1532 N. W. 35th St., Oklahoma City, and a cafe and restaurant located in Oklahoma City. The defendant herein, plaintiff in that action, was awarded the home located at 1532 N.W. 35th St., and defendant was awarded the cafe and restaurant located in Oklahoma City, and each party was decreed a one-half interest in and to the Stephens county land. On the 26th day of July, 1926, plaintiff married Sarah Timmons, who, on the 10th day of September, 1926, secured a divorce from him. Some time thereafter plaintiff and defendant were remarried by common-law marriage and lived together as husband and wife until the year 1940, at which time they again separated. On the 1st day of February, 1924, plaintiff left for Florida and at that time deeded to defendant all his interest in the Stephens county land acquired by him under the decree of August 22, 1921. They were not then husband and wife. He testified that the deed was executed under the following circumstances and agreements: He had considerable experience in dealing in real estate; there was a boom in Florida; the Stephens county land was encumbered by mortgage which was past due and the mortgagee was pressing for payment; his purpose in going to Florida was with the intent to make sufficient money with which to pay off and discharge the mortgage; that the deed was executed and given to defendant in order that she might in his absence renew or execute a new mortgage on the land for the purpose of paying off or discharging the mortgage or for the purpose of exchange and trade in order to save the equity in the land. He further testified that it was understood and agreed by the parties at the time that the deed should never be placed of record; that there was no consideration paid by defendant for the deed. The deed was executed February 1, 1924, and placed of record by the defendant November 9, 1925.

Defendant testified that the deed was executed to her with intent to convey the full title for the purpose of relieving plaintiff from her support and support of the children. The evidence, however, shows, and both parties admit, that at the time plaintiff left for Florida he gave defendant $1,000 in cash. The evidence in our opinion also quite clearly shows that plaintiff, ever since the decree of August 22, 1921, was granted and up to the time he left for Florida and after his return, supported defendant and the children as well as his circumstances would permit. It is admitted and conceded that he paid the grocery bills, that he educated and clothed the three minor children, that two of them completed high school, and that one was sent through college, all at the expense of plaintiff.

Defendant admits that if all of the Stephens county property be awarded to her as her separate property it will leave plaintiff penniless. She also admits that she now holds as her separate property 65 acres of land in Texas, inherited by her from her father, on which there are several small producing oil wells from which she receives an income of approximately $60 per month; that she now has $4,000 in cash, proceeds derived from the sale and traffic in the Oklahoma City property left her under the decree of August 22, 1921, and a one-half interest in the Stephens county land.

The evidence further discloses that after the separation of the parties in 1940 plaintiff demanded of defendant that she re-deed to him his interest in the Stephens county property, which she refused to do, and that he thereafter brought this action.

The trial court in determining the property rights of the parties did not determine or pass upon the question as to whether defendant should be awarded alimony out of the property of plaintiff, but held that the property here involved constituted the sole and

separate property of defendant at the time of the remarriage, and that he had no alternative under the provisions of 12 O. S. 1941 § 1278 except to award the property to defendant. In this we think the court erred. When the evidence and the circumstances under which the deed was executed are considered as a whole, it clearly appears that at the time the plaintiff executed the deed to defendant conveying the Stephens county property, he never intended to convey to her the full and absolute title, but that the deed was executed under the circumstances and for the purpose above indicated. This the defendant undoubtedly knew and understood. Under these circumstances equity will decree that defendant holds the title in trust for plaintiff. In the case of First Nat. Bank of Sayre v. Sanders, 169 Okla. 192, 35 P. 2d 889, it is said:

"Resulting trusts are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner. J. I. Case Threshing Machine Co. et al. v. Walton Trust Co. et al., 39 Okla. 748, 136 P. 769."

See, also, Warren v. Dodrill, 173 Okla. 634, 49 P. 2d 137; Seran v. Davis, 174 Okla. 433, 50 P. 2d 662.

Defendant relies on the rule that in order to establish a resulting trust the party claiming such trust must establish the same by clear, cogent, and convincing evidence. In our opinion, under the evidence, plaintiff has met the test.

Defendant, under the decree of August 22, 1921, was granted all her separate property, the home in Oklahoma City, and one-half interest in all of the remaining property acquired by the parties during the marriage. Under this decree she is granted absolute title to all the remaining interest in such property, thus depriving plaintiff of an interest in any of the property and leaving him entirely destitute. This, in our opinion, is unfair and inequitable. The finding of the trial court that this property constituted defendant's separate property prior to the remarriage is contrary to the clear weight of the evidence.

What we have said above has reference to that portion of the land in Stephens county, which was not inherited by the defendant. The defendant is to retain the land inherited by her.

The judgment is affirmed insofar as it grants a divorce to defendant and reversed insofar as it settles and adjusts property rights, with directions to award to plaintiff one-half of the interest in the land in Stephens county held in the defendant's name and not inherited by the defendant.