EPPS et al. v. PEARMAN.

No. 34949.   July 29, 1952.

Rehearing Denied Sept. 30, 1952.

*248 P. 2d 590.*

Arnote, Arnote & Sadler, McAlester, for plaintiff in error.

Guy L. Andrews and Gene Stipe, McAlester, for defendant in error.

GIBSON, J. We shall refer to the parties as they appeared in the trial court. Plaintiff was formerly the wife of William Epps. They were married in 1899 and William Epps died in 1943. He was twice married. The two plaintiffs in error were children of his first marriage. Six children were born of his marriage to plaintiff.

In her petition plaintiff alleges that she was formerly the wife of William M. Epps and there had been no administration on his estate. That she was the owner of 90 acres of described land in Pittsburg county and had been such since September, 1906, when the lands were purchased from G. T. York and Nancy L. York and were paid for from moneys which were plaintiff's separate property. That by mistake William Epps was named as grantee. That on February 24, 1915, having discovered error in the first deed, said grantors issued a correction deed naming plaintiff as grantee; that thereafter she had exclusive control of said property and her claim was acquiesced in by all persons who might have contested the same. She prayed judgment quieting her title. All the heirs of Mr. Epps were made parties defendant. The action was contested only by her two step-children.

Defendants allege and contend that Epps acquired title to the land in the first deed and paid for the same with his own funds, and that the 1915 deed was without consideration and of no effect since grantors therein had no title, having theretofore conveyed to Epps, and that they could not have divested him of his title by the subsequent conveyance to plaintiff. They cross-petitioned against plaintiff for rents and profits which they alleged were wrongfully acquired from the Epps estate. They prayed for partition.

The evidence revealed that the 1906 deed was defective in that it bore no acknowledgment and was not entitled to recordation. Nevertheless it was recorded. The defect became known in 1915 when Epps and wife desired to obtain a loan on the property. Thereupon Epps and wife went to their grantors and obtained a second deed. At Epps' request his wife was named as grantee. It seems that for some reason grantors were paid three dollars upon execution of the second deed. By a preponderance of the evidence it was established that during his lifetime the husband on many occasions stated that the involved property belonged to his wife and that her money had paid for it.

Prior to the marriage plaintiff had worked for other persons as a housemaid. She testified that she had saved about $500 which was put into this property. The consideration for the 1906 deed was $1,000. There was a cash payment of $400 which plaintiff says she paid, and a purchase price mortgage for the balance. This was subsequently paid.

Plaintiff contends that she was the equitable owner and that in the 1906 transaction a resulting trust arose in her favor.

Defendants rely upon the statute of frauds and say that plaintiff is contending that there was an oral transfer of the property from the husband to the wife and that such transaction is invalid under the statute, and cite numerous cases striking down oral agreements to convey real estate or interests therein. Such cases are not in

point. Defendants lose sight of the fact that this case was decided on the theory that a resulting trust had arisen, when plaintiff's money was the consideration for the deed taken in the husband's name, with the legal title vested in the husband and the equitable title in the wife.

"When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." Tit. 60 O.S. 1951, §137.

"Resulting trusts are not within the statute of frauds, and may therefore be established by parol evidence, where not otherwise incompetent." Flesner v. Cooper, 39 Okla. 133, 134 P. 379.

" ' "Resulting trusts are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner." J. I. Case Threshing Machine Co. et al. v. Walton Trust Co. et al., 39 Okla. 748, 136 P. 769.'

"See, also, Warren v. Dodrill, 173 Okla. 634, 49 P. 2d 137; Seran v. Davis, 174 Okla. 433, 50 P. 2d 662." Dorrance v. Dorrance, 196 Okla. 195, 163 P. 2d 973.

Defendants ridicule the testimony of plaintiff to the effect that she, at the time of the marriage, had saved the money used for the cash payment from her meager wages as a housemaid. Decision on the weight of the testimony was for the consideration of the trial court.

"In an action of equitable cognizance this court will examine and weigh the evidence, but will not disturb the judgment of the trial court unless it is clearly contrary to the weight of the evidence." Winkler v. Winkler, Ex'r, 191 Okla. 115, 127 P. 2d 139.

See, also, Hammer v. Baldwin, 203 Okla. 680, 225 P. 2d 801.

There was conflict in the evidence concerning the amount of plaintiff's wages and the length of time she worked for her last employer. These transactions occurred more than a half century before the trial and human memory is treacherous. The trial court observed the witnesses, and it is apparent that he ascribed greater credibility to the testimony of the plaintiff, and we cannot say that judgment is against the clear weight of the evidence.

Defendants further contend that the deed in 1915 to plaintiff by the same grantors as those in the 1906 deed was invalid and conveyed no title for the reason that grantors had previously conveyed all their title to William Epps and they were not capable of executing the second deed, and, further, that Mr. Epps could not be divested of his title by grantors' second deed to Mrs. Epps. These suggestions, and cases cited, are not well taken. Plaintiff need not rely upon the 1915 deed for her title. She relies upon the facts and circumstances and intention of the parties surrounding the 1906 transfer of title as creating a resulting trust to her benefit. The 1915 deed, and the facts surrounding its execution, however, are some evidence that the husband and wife intended that the wife should own the property. Its execution and issuance was under the direction of the husband.

Plaintiff occupied the property for more than 40 years. Numerous witnesses, including plaintiff's six children, testified to declarations by the husband that he did not own the land; that it belonged to the plaintiff. This was a recognition of the equitable title in the wife although the legal title was in the husband. There was sufficient evidence to sustain the judgment of the trial court.

Affirmed.